No. 3908

Second Circuit
(First Division)

---

GENERAL CONTRACT PURCHASE CORP.
v. DILLMAN

---

(November 18, 1931. Opinion and Decree.)

---

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellee.

Samuel M. Robertson, of Shreveport, attorney for defendant, appellant.

TALIAFERRO, J. Defendant purchased from Southern Cine Co., Inc., one Electrolux gas refrigerator for the price of $414.78, paying $37.50 cash, and executed her note to the seller for the balance of $377.28, payable in 18 monthly installments of $20.96 each. This note was secured by chattel mortgage and vendor's lien and privilege on the refrigerator, and in due course was acquired by plaintiff before maturity. The present suit was filed on the note coupled with foreclosure of the mortgage and lien securing its payment.

Defendant resists the suit by alleging that the refrigerator was defective when delivered to her; that it would not refrigerate to that degree necessary to meet the purposes for which it was purchased; that the gas used to generate the cold and freezing temperature in the refrigerator, on account of defects therein, escaped into its different compartments and so affected foods kept therein for preservation as to render them unfit for human consumption.

On trial of the case plaintiff introduced the note sued on and a certified copy of the mortgage and vendor's lien securing payment of same, all of which are in authentic form, and rested its case.

Defendant was sworn as a witness in her own behalf and an effort was made to interrogate her concerning the purchase of the refrigerator from Southern Cine Company, Incorporated. This evidence was objected to for the reason the note sued on had passed into the hands of an innocent purchaser before maturity, and such defenses as defendant had set up were cut off on that account. The objection was sustained. Defendant offered no further testimony. The case was closed in that condition and judgment rendered for plaintiff as prayed for. It is from this judgment that defendant appealed.

In this court defendant made no appearance, filed no brief and presumably has abandoned her appeal.

The record justifies the judgment appealed from and it is affirmed with costs.