ELLIS, Judge.
This suit was instituted hy the plaintiff via ordinaria on a promissory note executed by the defendant to bearer. A recognition and preservation of a chattel mortgage and vendor’s lien securing the note *354 was asked. The original petition did not allege the plaintiff was a holder in due course, and exceptions of no right and no cause of action were filed. These exceptions were argued and taken under advisement: by the Court, but before a decision thereon plaintiff -filed a supplemental and amended petition, alleging petitioner was the holder and owner of the note in due course for value before maturity. Thereupon the defendant caused a rule to isssue to- show cause why the order of the Court permitting the filing of a supplemental and amended petition should not be annulled. Upon hearing of this rule the Court dismissed it, allowing the amended petition to be filed, and overruled the exceptions of no right and no cause of action. Answer was filed, the defendant reconvening, claiming wrongful seizure and redhibitory defects, and a trial resulted in favor of the plaintiff in the sum prayed for, dismissing the reconventional demand.
The defendant has appealed.
The defendant-appellant assigns as errors of the trial court the following:
1. In permitting appellee, Finance Security Company, Inc., ex parte, to file a supplemental and amended petition completely changing the entire nature of the case in both law and in fact after issue was joined by the filing of exceptions of no right and no cause of action and the matter was under advisement by the Court at the time of the filing thereof.
2. By dismissing the rule taken upon ■ appellee, Finance Security Company, Inc., for said appellee to show cause why the order permitting the filing of the supplemental and amended petition should not be annulled, vacated and set aside.
3. In overruling the exceptions ot no right and no cause of action filed by appellant herein.
4. By sustaining the objections of counsel for appellee,’ Finance Security Company, Inc., to the offering of any evidence by counsel for appellant, G. T. Stuart, relative to any redhibitory defects in the mortgaged automobile described in appellee’s original petition since appellee failed to allege or prove that appellee was the holder and owner in due course before maturity and for a valuable consideration of the note purportedly identified with the purported act of sale and chattel mortgage covering the automobile described in appellee’s original petition.
5. In overruling the objections of counsel for appellant, G. T. Stuart, to the filing in evidence of the note and act of sale and chattel mortgage purportedly executed by G. T. Stuart in favor of Guidry Auto- Service, even though the evidence clearly shows that said act of sale and chattel mortgage and the note identified therewith were completely invalid, null, void and of no effect whatever.
6. In rendering judgment in favor of appellee herein, Finance Security Company, Inc., and against defendant and appellant, G. T. Stuart, with the record of this cause being completely devoid of any proof whatever as to appellee being the holder and owner in due course of the note purportedly identified with the purported act of sale and chattel mortgage; any payments or credits made on said account; that said account was in default; and any amount that was due and owing appellee by appellant, if any.
7. In failing to hold that the various acts of appellee, its agents and employees, in taking and removing the vehicle owned by appellant constituted a repossession or conversion of said vehicle.
8. In failing to render judgment in this cause in favor of appellant, as plaintiff in reconvention, for the amount prayed for by appellant.
Assignments 1 and 2 cover the same point and will be treated together.
The original petition did not allege the plaintiff was a holder in due course for value before maturity of the note sued upon. Issue was joined upon the filing of the exceptions and the appellant complains the plaintiff should not have been allowed to *355 amend his petition, which he did, to supply ■the necessary allegation. Under Article 419 of the Code of Practice our jurisprudence has held that permission of the Court must first be obtained before the filing of a supplemental and amended ■ petition once issue has been joined. Permission of the Court was obtained and the amendment did not change the nature of the cause.
This whole question was fully discussed in Arceneaux v. Louisiana Highway Commission, La.App., 5 So.2d 20, 23. There it was pointed out that, with the leave of Court, a petition which failed to state a necessary allegation could be amended where the issue was not changed. The fault with the original petition herein was that it did not contain an essential allegation. However, the assertions it did contain did not destroy the cause of action, but merely did not show that there could be recovery. The original petition was amended to show the plaintiff was a holder in. due course for value before maturity, and there was nothing in the original petition which contradicted this later allegation; the original petition did not negative the possibility . that the plaintiff was a holder in due course. Had the two petitions been incorporated into one, as was said in the Arceneaux case, “there would have been nothing inconsistent nor contradictory among the various allegations.” The Supreme Court in Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488, 491, cited in the Arceneaux case, stated: “This conclusion is not only in accord with the weight of authority, but consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities.” As was said in the Arceneaux case, amendements might be permitted even after an exception of no right or cause of action had been sustained.
We find no error of the trial court as.set ' forth in the assignments of errors one and two.
Assignment of error 3 is without merit since the original exceptions were aimed at the original petition, but after the amendment was made the exception was not good. These' same ■ exceptions were urged at the close of a trial on the merits. The defendant argues that the record failed to show that he was indebted unto the plaintiff for any specified amount whatever, or that he was in default in the payment of the monthly installments. Also that any alleged indebtedness was extinguished by an illegal and wrongful repossession or conversion of defendant’s automobile. We find that the plaintiff obtained the note sued upon before maturity for a valuable consideration, in good faith, and consequently that it was a holder in due course. The testimony amply supports this conclusion, as well as the amount sued upon. The trial court concluded the plaintiff had proven its case, and in this conclusion we agree. As to a wrongful repossession, it does not appear the plaintiff ever repossessed the car. The defendant gave a representative of the plaintiff a key to the automobile voluntarily, but the plaintiff never did take possession of the car. In fact, the defendant himself abandoned the car when he bought another automobile', leaving it on the street near the place of business where he purchased this second car. Later, the vendor of the second automobile was notified by the Police Department to remove any cars he had on this street. The defendant’s car was parked together with cars belonging to this vendor. The defendant’s car' was abandoned there and it, the plaintiff, then moved the car to a garage where it remained. The defendant’s attorney was notified by the plaintiff that the abandoned car had been moved, and that either the defendant or his attorney could pick the car up at any time. The defendant himself testified he was not interested in the car and consequently there was ho repossession by the plaintiff, but merely a protection of the property upon which it believed it had' a valid chattel mortgage. We conclude the exceptions are without merit.
The defendant cites cases, in support of his contention that the automobile was illegally and wrongfully repossessed, where it was held that a mortgagee was responsible for repossession of chattels covered by a *356 mortgager without resorting to legal process. In all of these cases there was a definite repossession without legal process and without permission of the mortgagor. In the present case the automobile was never taken into the possession of the mortgagee, but even had this been done it appears the defendant agreed to a surrender of the automobile since he voluntarily gave the key to a representative of the plaintiff and told him he could get it. The evidence discloses this representative never did take possession of the automobile because he did not secure a release from the defendant. All the plaintiff ever did was to move the automobile, after it had been abandoned, to a safe place of storage, and the defendant could have obtained this vehicle at any time by merely asking for it.
Assignment of error 4 is aimed at the refusal of the lower court to allow the offering of any evidence by the defendant relative to alleged redhibitory defects in the automobile. It is clear that such a defense could not be invoked against the plaintiff herein as it was not the vendor of the automobile and the vendor was not a party to this suit. In White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227, the Supreme Court held that where a holder purchased a note from the seller of a chattel for value in good faith before maturity and without notice that the chattel was defective, the holder was a holder in due course and was not subject to any defense that the buyer might have against the seller, and that he could enforce payment against the maker. The trial court having concluded the plaintiff herein was a holder in due course for value before maturity and without notice of any defect, correctly excluded any evidence relative to the alleged redhibi-tory defects.
Assignment of error 5 is not material since the proceeding is via ordinaria and the defendant himself admitted he signed the note sued upon.
Assignment of error 6 states there is no evidence whatsoever as to the plaintiff being a holder and owner in due course of the note sued, .upon, of any payments or credits on the account, or that the account was in default. The manager for the plaintiff unequivocally testified the plaintiff obtained the note before maturity, for a valuable consideration, in good faith, and also testified to the amount due, and that one payment only had been made. The defendant admitted signing the note, which was introduced in evidence. This note was made payable to the order of bearer. We agree with the trial court that plaintiff has proven its case.
Assignment of error 7, concerning repossession of the vehicle, has been discussed under Assignment of error 3.
Assignment of error 8 is without merit, since it is concluded there was never a wrongful seizure of the automobile.
For the above and foregoing reasons the judgment of the lower court is affirmed at the cost of the defendant.