LOTTINGER, Judge.
Moore Steel, Incorporated, brought this suit against the succession of Richard Wright, East Feliciana Parish School Board, E. B. Ludwig, Inc. and Maryland Casualty Company. The petition was amended to dismiss E. B. Ludwig, Inc., and to bring in E. B. Ludwig individually as a defendant. The suit was based on a mate-rialman’s lien for material allegedly used in the construction of a gymnasium at Jackson, Louisiana. The lower Court rendered judgment for defendants, and the petitioner has appealed.
The facts show that on May 14, 1951, the East Feliciana School Board, entered into a contract wherein Richard W. Wright agreed to construct a gymnasium for the Jackson School. Maryland Casualty Company became surety on Richard Wright’s bond. Shortly after the construction was commenced, Mr. Wright became ill and was forced to discontinue the project, and he subsequently died on July 1, 1951. No further work was done on the gymnasium until defendant E. B. Ludwig assumed the contract by written agreement with the administratrix of the succession of Richard Wright. The job was completed by Mr. Ludwig.
Petitioner alleges that it supplied certain materials which went into the construction of the gymnasium, and brought this suit to enforce its lien as a supplier of materials. The School Board has withheld certain funds due under the contract until final disposition of this suit.
The testimony shows that, at the time of the contract for the gymnasium, Mr. Wright was engaged in several construction projects in or around New Orleans. At times he worked as a subcontractor for Mr. Ludwig. On April 24, 1951, Wright ordered certain materials from petitioner and gave as a destination the Plymouth-Cordage job, which construction was going on in Jefferson Parish. On May 2, 1951, he ordered material destined for the Rheem Manufacturing job, also in Jefferson Parish. On May 25, 1951, Wright back ordered a cer *119 tain lot of material originally intended for the Rheem Manufacturing job, and gave a destination of Jackson, Louisiana Gym. These orders were not delivered to the site of the gymnasium, but were picked up at petitioner’s plant by one of Wright’s trucks. The total of the orders mentioned above was in the sum of $805.50, the amount of the alleged lien.
The petitioner has failed to prove that the materials ordered by Wright were actually used in the construction of the gymnasium. Although one witness testified that he saw certain materials of the same nature on the job site, other testimony is to the effect that the materials used in the actual construction were of a different size from those ordered from petitioner. There is furthermore, testimony that during the interval of Mr. Wright’s illness and death, the work stopped completely, and upon resumption of the work, certain material on hand had been so deteriorated by the weather that the said material was discarded from the job.
The statute under which petitioner has brought this suit is LSA-R.S. 38:2242, which reads, in part, as follows:
“Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works * *
The law places the burden upon the furnish-er of materials to show that the said materials were actually used in the construction of the project. No such proof was shown by the petitioner in the instant case.
The courts have held that liens, being stricti juris and in derogation of common rights, must be strictly construed. See Hughes v. Will, La.App., 35 So.2d 241, and Patterson v. Lumberman’s Supply Co., La. App., 167 So. 471. In Terrebonne Lumber & Supply Co. v. Favret, 2 So.2d 256, 258, this Court said:
“Under the ruling of the Supreme Court in the case of Hayes Lumber Co. v. McConnell, 176 La. 431, 146 So. 14, the trial judge was correct in holding that the plaintiff had no lien on the funds due the contractor and had no lienable claim against the surety under Act 224 of 1918, as amended. It seems that the Supreme Court has drawn the line so as to exclude liens under that act against the contractor and his surety unless the material sold the contractor or a sub-contractor was incorporated into the work so as to become a part of it, or where the material was used up and became extinguished in the construction of the work, as was the dynamite, fuses and caps consumed in clearing a right of way * * *.”
As the petitioner has failed to prove that the materials were used in the Jackson gymnasium, we feel, as did the lower Court, that his demand has failed.
Before this Court, the petitioner has raised the proposition that, even though its lien must fail, he still should be awarded judgment because Mr. Ludwig personally assumed certain of Mr. Wright’s obligations on the Jackson gymnasium job. As to this point, we reiterate that plaintiff has failed to prove by a preponderance of the evidence that the material sued upon was bought for or used in this particular project. The defendants proved that the material used on-the. gymnasium job were of different specifications from that sued upon.
For the reasons assigned, the judgment of the lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.