TATE, Judge.
This is an action by the furnisher thereof to recover for materials used in remodeling defendant Price’s home. The work had been performed and the materials purchased from the plaintiff by a contractor, the Monarch Specialty Corporation, which subsequently failed to pay for them. Since no contract and bond had been recorded by Price, the plaintiff as furnisher of the materials impleaded him, the owner, as defendant as well as the contractor, having previously filed timely its lien. LSA-R.S. 9:4812.
Price, the defendant-owner, appeals from judgment casting him for the unpaid balance of $1,461.40 for materials used in the improvement and repair of his home. By this appeal, he also prays alternatively that if the award against him is affirmed, then that judgment over be rendered in his favor against the Delta Investment Corporation upon his third party demand, which had been dismissed below.
It is conceded that, even though there was no contractual relationship between them, the plaintiff supplier of the materials is entitled to judgment under LSA-R.S. 9:4812 against the defendant owner upon proof that the materials were delivered to the latter’s premises. Laney Co. v. Airline Apartments, 223 La. 1000, 67 So.2d 570. The defendant’s principal contention is that the delivery of the material to his premises has not been proved and that therefore the judgment in favor of the plaintiff should be reversed. Bernard Lumber Co. v. Sayre, 230 La. 17, 87 So.2d 713; Moore Steel, Inc. v. Wright’s Succession, La.App. 1 Cir., 79 So.2d 118.
The proof of the delivery of the materials to the defendant Price’s premises consisted solely of the testimony of plaintiff’s manager identifying dray receipts from the plaintiff’s business records introduced into testimony, each listing the materials transmitted and showing (with one exception, to be discussed below) that the materials were delivered to the Price job. This manager testified that there would be a different notation upon these dray receipts if the materials had been delivered elsewhere. These dray receipts were signed by “Lee Cole”, identified as the contractor’s carpenter-foreman for the Price job, whose whereabouts were unknown at the time of trial.
Since the plaintiff supplier maintained no record of the truck drivers who delivered the respective loads of materials, and since its truck driver personnel had changed in the 2½ years between the delivery of the materials and the trial below, the plaintiff made no effort to secure the testimony of any truck drivers who had delivered the material to the Price premises but relied solely upon the dray receipts showing such delivery, signed by the contractor’s employee at the time of delivery. Copies of these itemized dray receipts were filed in the conveyance records when plaintiff in *330 scribed its materialman’s lien against Price’s property within sixty days after the contract’s completion and its acceptance by Price.
Price has never denied nor produced proof that such materials were not delivered to his premises, his contention simply being that the dray receipts do not by themselves sufficiently prove delivery; being hearsay evidence, to the admissibility of which he made timely objection. The defendant owner also points out that the contractor had been repairing several other homes at the time it performed its contract with him.
We think that the trial court correctly held that in a suit by the furnisher of the materials against an owner who has failed to record a bond, a dray receipt signed by the contractor or his agent is sufficient proof that the delivery was made as stated in the dray receipt, at least in the absence of evidence contradictory thereof. See Laney Co. v. Airline Apartments, 223 La. 1000, 67 So.2d 570; R. F. Mestayer Lumber Co. v. Tessner, La.App.Orl., 101 So.2d 238; Allen B. Cambre Lumber & Supply Co. v. Loomis, La.App.Orl., 94 So.2d 908; Louisiana Lumber Supply Co. v. Reeves, La.App. 1 Cir., 55 So.2d 64.
Able counsel for defendant-appellant further contends that the dray receipts were not admissible in evidence over his objection as proof of delivery, because the signature and authority of “Lee Cole” to acknowledge delivery were not proved, citing Pendery & Naylor v. Crescent Mutual Ins. Co., 21 La.Ann. 410; Stewart Bros. Cotton Co. v. Dulfilho, 2 Cir., 16 La.App. 148, 133 So. 521; and Clark v. Norred, 2 Cir., 4 La.App. 394. However, plaintiff’s manager identified them without contradiction as signed by Lee Cole, whom the uncontradicted evidence shows to have been the contractor’s carpenter-foreman in charge of the Price job and, as such, of course authorized to acknowledge delivery of materials to the premises.
The appellant also argues that in any event delivery was not proved as to the materials described by dray receipt No. 5023 for $3.18,[1] because it bears the notation “called for” and does not show that the material listed on it was “delivered” to the Price job. It is true that in the Mestayer case, above-cited, recovery was disallowed for the materials covered by the dray receipts marked “self haul”, which unlike the other materials therein had not been delivered to the job but had instead been picked up by the contractor’s employees ; but the reason for such disallowance was that the materials were picked by an employee who was working at the time on more than one job for the contractor, and therefore there was no presumption that the materials were delivered to the defendant owner’s premises. 101 So.2d 241. However, in the instant case the invoice specifically designated the material as assigned to the Price job, and it was receipted for by the contractor-foreman (“Lee Cole”) working upon the Price job; and under these circumstances, the presumption of delivery to the owner’s premises does arise. Louisiana Lumber Supply Co. v. Reeves, La.App. 1 Cir., 55 So.2d 64, 67.
Defendant finally contends that, if he is held liable for the materials, then he should have judgment in the same amount *331 against the Delta Investment Corporation, a third party defendant impleaded by him. The apparent theory is that through a course of financing the contractor’s operations and a close business relationship Delta participated in the fraud and deceit by which the contractor warranted that the materials used in remodeling Price’s home were paid for, and thus is responsible to Price in the same manner as is Monarch for any sums that Price is forced to pay because of Monarch’s breach of its warranty to pay for the materials used in his home. Without detailed discussion, we will simply state that the evidence does not prove that Delta’s agent induced Price to his detriment to sign an acceptance of the work, nor prove other than that Delta was a subsequent holder in due course by endorsement from Monarch of a note executed by Price in favor of Monarch. Delta is thus not liable for a claim against it by Price based upon a failure of the consideration furnished the latter by Monarch, the prior holder of the note. White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.

. Defendant also contends that the materials covered by dray receipt No. 5183 in the amount of $123.80 were called for rather than delivered. However, the original of dray receipt No. 5183 introduced in evidence (see P-3) shows that the materials thereon were delivered to the Price job and not called for. The only dray receipt which has the notation "called for” is No. 5023 for $3.18. (Tr. 82.) Defendant’s mistaken contention that No. 5183 also has the notation “called for” is based upon the typed copy of invoice No. 5183 filed with the lien (P-2), where apparently through typist’s error the notation “called for” is found even though such notation is not on the original from which the typed copy was made.