Merits
In considering the plaintiff’s claim for damages for loss of income in the amount of $200 per month, we find the record barren of any showing that the removal of plaintiff’s air conditioner caused the plaintiffs to lose any income whatsoever.
Plaintiff had an establishment known as the “Twin Pines Drive In and Restaurant” which was located near Fort Polk outside Leesville, Louisiana. This restaurant was rented to a Mr. Dodge. Mr. Dodge moved out of the restaurant on approximately August 1, 1958, and the building was vacated from that time until approximately November 15, 1958. The defendant passed by the “Twin Pines” on a Friday in August and noticed the screen on one of the doors was torn and the door was open. He stopped and found the establishment vacant. Having sold an air conditioning unit resting on an outside shelf to plaintiffs, he was afraid it might be stolen. He went into town and called Mrs. Burke, the real estate agent to see if he could protect the property and to get her authority to pick up the air conditioner. After defendant phoned plaintiffs’ agent on Friday night he then notified the Sheriff’s office that he was removing the unit to prevent it from being stolen. There is no question but that the *169 evidence reflects that Mrs. Burke, plaintiffs’ real estate agent knew that the defendant was going to remove the air conditioner and put it in his warehouse for safekeeping, even though she was afraid to give him permission to do so. There is no testimony that the plaintiffs made amicable demand for the air conditioner prior to filing this suit, and this suit was filed October 10, 1958. The plaintiffs leased the premises to a Sgt. Laflen and the sergeant took possession of the premises November 15, 1958. Defendant voluntarily returned the air conditioner in January of 1959, Although there was considerable testimony in the record concerning the rental value of the property without an air conditioner the facts show that plaintiffs were, in truth and in fact, completely undamaged as to this item of his income for lack of an air conditioner. The first person that inspected the premises with a view towards leasing it was Sgt. Laflen and he rented the property.
As we have already stated, plaintiffs suffered no damages for the value of the air conditioner or their equity in the air conditioner since it was returned to them soon after the abandoned building had a new tenant. Since the defendant failed to convert the air conditioner to its own use but returned it, and his reason for removing the air conditioner was to preserve and safeguard it, we cannot allow any damages for its value. Plaintiffs have actually suffered no financial loss whatsoever on this count.
In defense of plaintiffs’ claim for damages for humiliation and embarrassment, defendant cites Finance Security Company v. Stuart, La.App., 75 So.2d 353, 356. The language defendant relies upon in the Stuart case was a quotation from the syllabus No. 3 of the case which does not reflect the facts and sufficient detail, which is as follows:
“In the present case the automobile was never taken into the possession of the mortgagee, but even had this been done it appears the defendant agreed to a surrender of the automobile since he voluntarily gave the key to a representative of the plaintiff and told him he could get it. The evidence discloses this representative never did take possession of the automobile because he did not- secure a release from the defendant. All the plaintiff ever did was to move the automobile, after it had been abandoned, to a safe place of storage, and the defendant could have obtained this vehicle at any time by merely asking for it.”
There is no doubt that the defendant removed property belonging to the plaintiff without the plaintiffs’ permission. Defendant admits that the plaintiffs’ agent did not authorize him to do so. However, the. facts show that the defendant took the air conditioner because he found the premises abandoned and the building opened with a torn screen on the door. A deputy sheriff testifying stated that there had been burglaries in that area and that the spot was relatively isolated. These facts corroborated defendants’ apprehension and fear that the air conditioner would be removed or stolen from the empty building.
Although there was some dispute as to whether defendant had any property or monied interest in the air conditioner, there is little doubt that he actually had a financial interest to protect, since he sold plaintiffs the machine. He had originally endorsed the promissory note which secured the price. In the ordinary course of business he would be held liable if plaintiffs defaulted on their obligation. Therefore, the defendant definitely had an interest to protect.
Finding no manifest error in the judgment of the District Court rejecting the demands of plaintiffs, it is hereby affirmed.
Affirmed.