LUTHER E. HALL, Judge pro tem.
Plaintiff filed this suit against Mel Parnell Plymouth, Inc., an automobile dealer, and Associates Discount Corporation, an automobile finance company, praying for recision of the sale of an automobile and in the alternative for a money judgment against both defendants in solido.
Plaintiff obtained a judgment in his favor in the District Court against Mel Parnell Plymouth, Inc., for $1,239.52 plus interest and costs but his claim against Associates Discount Corporation was dismissed. Plaintiff prosecutes this appeal seeking to have Associates Discount Corporation cast in judgment in solido with the other defendant. Mel Parnell Plymouth, Inc., has neither appealed nor answered the appeal and the judgment as to it is final.
Briefly stated the facts are as follows: On Saturday February 1, 1958 plaintiff visited one of the automobile lots of the defendant, Mel Parnell Plymouth, Inc., for the purpose of buying a station wagon. He informed the defendant’s salesman that he was unable to pay more than $75.00 per month on a car. The salesman assured him that he could meet his requirements and together they selected a new station wagon and agreed on the price which was $200.00 *900 cash, $250.00 trade-in allowance on plaintiff’s old car, and the credit portion of the price to be financed at the rate of $72.90 per month for 36 months. He was informed that Associates Discount Corporation would finance the transaction. Plaintiff paid the cash portion of the price, signed the note and chattel mortgage in blank in the office of Mel Parnell Plymouth, Inc., and left the premises.
The following Monday plaintiff telephoned Associates Discount Corporation and spoke to a Mr. Newman, the credit manager, apparently for the purpose of ascertaining if the payments of $72.90 were correct. Plaintiff’s entire testimony in this connection is as follows:
“ * * * I stated the case and told him I bought a new car from Parnell and was talking to the salesman about it and I told him just the transaction and how it came about and I told him the payments were to be $72.90 a month, would that be right and he said if you were talking to a salesman, he has the book there and he should know what he is talking about, it should be just what he said, don’t worry about it.
“Q. After this conversation did you feel better about the transaction?,
“A. I did.”
'Some days later Mel Parnell Plymouth, Inc. delivered the station wagon to plaintiff and picked up plaintiff’s old car.
It subsequently developed that Mel Parnell Plymouth, Inc., had caused the note and chattel mortgage to be filled out for $107.32 per month for 36 months instead of the agreed installments of $72.90 per month for 36 months, a difference of $34.42 per month or a total difference of $1,239.12.
The note and mortgage are dated February 3, 1958, the first installment on the note being due March 20, 1958. On February 20, 1958 Mel Parnell Plymouth, Inc., endorsed and transferred the note and mortgage to Associates Discount Corporation “without recourse”.
Plaintiff had no knowledge that his payments would be $107.32 per month instead of $72.90 until he received his “payment book” from Associates Discount Corporation on or about March 8, 1958. He immediately protested to both Associates Discount Corporation and Mel Parnell Plymouth, Inc., hut obtained no satisfaction from either. He then made a tender of the station wagon to Mel Parnell Plymouth, Inc., and demanded a cancellation of the sale but both the tender and the demand were refused. Faced with foreclosure of the mortgage if he did not make timely payment of the installments on the note, plaintiff entered into an agreement with Associates Discount Corporation whereby he made the payments called for by the note without prejudice to sue for recision of the sale or for a refund of the excess paid by him over and above the agreed price. This suit followed.
Associates Discount Corporation’s defense is that it is a holder in due course of the note and as such not bound by any equities that might exist between the original parties thereto.
The unauthorized and fraudulent conduct of Mel Parnell Plymouth, Inc., in filling out the note and mortgage for a figure in excess of the authority granted having been fully proved, Associates Discount Corporation bears the burden of proving all of the elements necessary to constitute it a holder in due course. Commercial Credit Corporation v. Setliff, La. App., 44 So.2d 167.
The testimony reflects without contradiction that the note was completely filled in and was regular on its face when received by Associates Discount Corporation, that Associates became the holder thereof before maturity of the first installment, and *901 that it purchased the note from Mel Parnell Plymouth, Inc., in the regular course of business and paid full value therefor. The matters in dispute are the good faith of Associates Discount Corporation and whether it had notice of any infirmity in the instrument.
Plaintiff argues that there was a close connection between Associates Discount Corporation and Mel Parnell Plymouth, Inc. in that credit sales made by Mel Parnell were handled on forms furnished by Associates, that Associates furnished Mel Parnell with a copy of its rate chart, that the; note and chattel mortgage were printed on the same piece of paper and separated by perforations, that the obligation was made payable at the office of Associates, that the automobile was not delivered until after Associates had approved plaintiff’s credit, that the witnesses and notary were not present when the note and mortgage were signed and that Associates should be held to have directed the whole transaction. All of these arguments have been rejected by the Supreme Court. See Universal C. I. T. Credit Corporation v. Alker, 239 La. 1057, 121 So.2d 78; White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227.
The record shows that Associates Discount Corporation had no actual knowledge of the infirmity or defect in the note. Did it have knowledge of such facts that its action in taking the instrument amounted to bad faith? See LSA-R.S. 7:56. The only testimony in the record which touches on this point is the testimony of plaintiff which we have quoted herein. In our opinion there is nothing in that testimony which would raise any suspicion in the mind of Associates. Plaintiff, himself, at the time had no reason to suspect that anything would go wrong. His purpose in telephoning was merely to get information.
It is our opinion that Associates Discount Corporation satisfies all the conditions of a holder in due course as set forth in LSA-R.S. 7:52, and is entitled to enforce payment of the note under the provisions of LSA-R.S. 7:14.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.