HALL, Judge.
Plaintiff instituted this suit against Sylvester L. Barganier and his wife, Rosa Lorena Barganier, to recover the amount due on a negotiable promissory note which plaintiff had purchased from David Roy Burras d/b/a New Orleans Furniture & Appliance Company.
Defendants answered averring that plaintiff either knew or should have known that the note lacked consideration. Defendants also filed a third-party action against David Roy Burras d/b/a New Orleans Furniture & Appliance Company seeking judgment over against the third-party defendant in the event the}'- were cast on the main demand.
Trial on the merits resulted in a judgment in favor of plaintiff against defendants, in solido. There was further judgment dismissing defendants’ third-party action. Defendants appealed. Plaintiff neither appealed nor answered the appeal although the Trial Court for some undisclosed reason rendered judgment in plaintiff’s favor for less than the face amount of the note.
The issues presented are a) whether plaintiff was a holder in due course and b) whether defendants are entitled to a judgment over against New Orleans Furniture & Appliance Company.
The note sued upon is in the principal sum of $456.00, is dated May 30, 1963 and is made payable to the order of bearer at the office of White System of New Orleans Inc. in 24 equal monthly installments of $19.09, the first installment becoming due on July 14, 1963, with interest on each installment at the rate of 8% per annum from due date until paid. It contains the usual acceleration clause and provides for 20% attorney’s fees. The note is signed by both Sylvester L. Barganier and his wife Rosa Lorena Barganier.
*743 The record discloses that plaintiff purchased the note on May 31, 1963 from New Orleans Furniture & Appliance Company paying $340.00 therefor. The note is endorsed by that company to the order of plaintiff “without recourse.”
There is no proof in anywise tending to show that the note was not complete and regular on its face when plaintiff purchased it, and no showing that it had been previously dishonored. The only remaining question is whether plaintiff acquired it in good faith and without notice of any infirmity in the instrument or defect in the title of the person negotiating it. LSA-R.S. 7:56.
“To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.” LSA-R.S. 7:56.
The note represented the purchase price of a hide-away bed and chair which defendants purchased from New Orleans Furniture & Appliance Company. Defendants contend that plaintiff cannot be considered as a holder in due course because it furnished its printed chattel mortgage form with note attached for that company’s use in such transactions. This argument has been rejected by the courts. See Universal C. I. T. Credit Corporation v. Alker, 239 La. 1057, 121 So.2d 78; White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227; Fuller v. Mel Parnell Plymouth, Inc., La.App., 140 So.2d 899.
Defendants. show that the chattel mortgage signed by the defendants in connection with the transaction was incomplete on its face, was not notarized, and the note was not paraphed for identity therewith. They contend that this alone should have been a warning to plaintiff and is sufficient to destroy its good faith in taking the note.
Plaintiff is not seeking to enforce the chattel mortgage. Moreover the record shows that plaintiff verified the sales transaction and the delivery of the hide-away bed and chair with Rosa Lorena Barganier before purchasing the note. Nothing was brought to plaintiff’s attention which would in any way tend to impugn its good faith in purchasing the note.
Plaintiff, in our opinion, satisfied all the conditions of a holder in due course as set forth in LSA-R.S. 7:52 and holds the note “free from defences available to prior parties among themselves.” See LSA-R.S. 7 :- 57.
Defendants third-party claim against New Orleans Furniture & Appliance Company involves essentially only questions of fact. They contend in substance that they did not buy a hide-away bed and chair from that company, that none was delivered to them and that the note which they admit signing was without any consideration whatever.
The record reveals the following facts:
William Moncrief, a salesman for New Orleans Furniture & Appliance Company met with both defendants at their home on the night of May 29th, 1963 for the purpose of discussing a possible sale of furniture or appliances with them. The husband expressed interest in a refrigerator and the wife expressed interest in a hide-away bed and chair. Moncrief told them to make up their minds and when they finally came to a decision to let the company know and the article or articles would be delivered. With this understanding the defendants signed a note and chattel mortgage in blank. The next morning defendant, Rosa Bar-ganier, called the owner of New Orleans Furniture & Appliance Company, David Roy Burras, and asked him to deliver the hide-away bed and chair.
Delivery was made by Moncrief and third-party defendant’s delivery man on the same day (May 30, 1963) to the four-plex apartment building where defendants *744 ' resided. ‘ When they arrived defendant, Rosa Barganier, met them and requested them to place the articles in an upstairs apartment occupied by a Mrs. Bridges instead of placing them in her own downstairs apartment because her apartment was filled with her mother’s furniture. After consulting with and receiving Mrs. Bridges’ consent the hide-away bed and chair were placed in her apartment Rosa Barganier was present during the whole time and signed a delivery receipt acknowledging delivery. Moncrief then took Rosa Bar-ganier to a telephone and got plaintiff’s manager on the line for her, whereupon she acknowledged receipt of and satisfaction with the articles. Approximately one month later defendant, Sylvester Barganier, approached third-party defendant’s owner, David Roy Burras, and asked him to take the merchandise back since he was unable to make the payments. Burras advised him that this could not be done because the finance company owned the note.
Defendants’ witnesses’ version of the facts are substantially at variance with those hereinabove set forth. No good purpose would be served by reviewing their testimony. The Trial Judge stated that he did not believe their testimony and we find no manifest error in his findings. See Barlotta v. Walker, 223 La. 157, 65 So.2d 122.
In their specifications of error, defendants have suggested that the husband should not be held liable since he did not authorize the purchase of the hide-away bed and chair by his wife. Under the facts as accepted by the Trial Court there can be no question but that he authorized her to make the purchase. When the salesman left the defendants on the night of May 29th they were undecided as to which article they wished to purchase. The distinct agreement was to the effect that the company was to be advised as to which item defendants decided upon and that item would be delivered. Therefore, when Rosa Barganier advised the company to deliver the hide-away bed and chair the company had the right to believe that this was their joint decision. When Sylvester Barganier met with Burras approximately one month later, he did not deny his wife’s authority, nor did he deny receipt of the goods. He merely requested that Burras take the articles back. Sylvester Barganier himself admitted that his wife acted only with his consent on matters of this sort.
“Q. Let me ask you this, Mr. Bar-ganier. Is it possible that your wife would have ordered this stuff and you didn’t know anything about it?.
“A, Well, its possible, but I doubt it because she don’t do anything without my consent.”
For the foregoing reasons the judgment appealed from is affirmed; costs of this Court to be borne by defendants-appellants.
Affirmed.