The **FIRST NATIONAL BANK OF SHREVEPORT, a National Banking Corporation, Plaintiff,**

v.

**A. R. MARCINKOWSKA, d/b/a Beauty Lawn Sprinkler Company, Defendant.**

No. DC6719.

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 15, 1967.

Herbert M. Fant, McClure, Fant & McClure, Sardis, Miss., for plaintiff.

W. E. Wilroy, Jr., Hernando, Miss., for defendant.

### MEMORANDUM OPINION

CLAYTON, Circuit Judge.

By its complaint, First National Bank of Shreveport (Bank) seeks to recover the accelerated unpaid balance of a promissory note which it alleges was executed on March 7, 1966, at Shreveport, Louisiana, for value by the defendant, A. R. Marcinkowska. The note is in the principal amount of $11,705.40 and is payable to bearer, without interest except after maturity, in thirty-six monthly installments with the first installment being due April 7, 1966. It is also alleged that this note was endorsed to plaintiff on or about March 9, 1966, without recourse, and that by this transaction Bank became the holder of said note in due course and for value. Bank also alleges that the first four installments were paid by defendant as they fell due but that default was made in the payment which

was due August, 1966, and all subsequent maturing installments; and that Bank has exercised the acceleration provision of the note. Ad damnum is for the principal unpaid balance with interest and attorneys' fees as provided in the note.

The suit was originally filed in District Court for the Western District of Tennessee but was transferred to this district, and answer was filed in due season by defendant.

The answer admitted all of the allegations of the complaint and alleged that the note was for the purchase price of a certain tractor which was purchased by defendant from the J. B. Lee Tractor and Implement Company, Inc. Additionally, the answer plead three defenses, namely:

1) That the tractor was found to be defective and was returned to the seller for repairs; whereupon, it was then seized in a suit filed against the seller by the C. I. T. Corporation.

2) That the tractor was subject to a mortgage given by the seller to the C. I. T. Corporation.

3) That uncertainty exists as to the present status of the title to the tractor,

After the answer was filed, Bank moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, and the parties were directed to submit briefs and were given ample opportunity to submit evidentiary material with respect to said motion. The plaintiff submitted an affidavit by a vice president which supports on his personal knowledge the material allegations of the complaint. Defendant submitted no affidavit and submits the motion only on his brief.

There is no genuine issue as to any material fact with respect to the status of Bank as a holder in due course under the laws of Louisiana where the note was executed by defendant. The defenses which defendant has interposed, as a matter of law, are not available here. Therefore, Bank is entitled to a judgment as a matter of law, and one will be entered for plaintiff.

The Uniform Negotiable Instruments Law has been adopted in Louisiana and was in effect at the time when defendant executed the note which is in suit here.[1]

This court is *Erie*[2] bound to apply to this diversity case the law of Louisiana as it would be applied by the courts of the State of Mississippi. Applicable Louisiana statutes are set out by the Supreme Court of Louisiana in Universal C. I. T. Credit Corporation v. Alker, 239 La. 1057, 121 So.2d 78 (1960) as follows:

> LSA–R.S. 7:52 defines a holder in due course as a holder who takes an instrument under the following conditions:
>
> (1) That it is complete and regular upon its face;
>
> (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
>
> (3) That he took it in good faith and for value;
>
> (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

LSA–R.S. 7:56 defines "notice" as used in Section 52(4) thus:

> To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.

---

1. The Louisiana version of this statute has three exceptions which differ from the Uniform Law, but they are not applicable to this case. There also are a few minor changes of verbiage which do not affect the meaning of this law.

2. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Those sections are identical to §§ 93 and 100 of the Mississippi Code of 1942. And, the Mississippi Supreme Court has given to these sections interpretation consistent with the interpretations of the Louisiana statutes by the courts of Louisiana. In that case Alker sought to defend on the grounds that he executed the note which was there involved as an officer of a corporation, and not personally. There was nothing on the face of the note to so indicate. Among other things the court said:

> Plaintiff having conclusively shown that it acquired the note as a holder in due course as set out under the requirements of LSA–R.S. 7:52, it follows that it is a holder in due course and entitled to enforce payment of the note against appellant (Alker).

In the Louisiana case of General Contract Purchase Corporation v. Dillman, 18 La.App. 286, 137 So. 654 (1931) the defendant maker of the note attempted to defend on the basis of the original transaction with the seller. This evidence was objected to because the note had passed into the hands of an innocent purchaser before maturity and therefore that the defenses were cut off on that account. The objection was sustained, judgment was entered for the holder of the note and this action was affirmed on appeal.

Additionally, in the case of Finance Security Co. v. Stuart, La.App., 75 So. 2d 353 (1954) where the note which was executed by an automobile purchaser to bearer was held by the finance company as a holder in due course for value before maturity it was held that claimed defects in the automobile which might require the seller to take it back were not available for a defense to the maker of the note. See also White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227 (1951).

In the circumstances of this case it does not require the citation of any authority to hold that the Supreme Court of Mississippi would follow Louisiana law as it has been announced by the aforementioned cases by the courts of Louisiana. To suppose otherwise would be wishful thinking.

Accordingly it follows that plaintiff is entitled to have its motion for summary judgment sustained and to the entry of final judgment in its favor for the unpaid balance of this note with interest according to the tenor thereof and with attorneys' fees as specified therein at twenty (20%) percent of the amount of principal and interest now due.

Judgment will be entered accordingly.