PRICE, Judge.
Ralph Josey brought this action against Howard Lumber & Supply Company and Fred W. Matthews, seeking to recover judgment for the sum of $934.75 and to enforce a materialman’s lien against certain property in Caddo Parish.
In the fall of 1967 defendant, Howard Lumber & Supply Company, constructed a residence on Lot 26 of the Rebel Heights Subdivision in Vivian for Matthews. Plaintiff alleges in his petition that Howard contracted with him to furnish the necessary fill dirt to properly prepare the grade of the lot for a building site. It is alleged that Josey furnished 540 cubic yards of dirt at the agreed price of $1.50 per yard. The remainder of plaintiff’s claim of $103.75 represents wash gravel furnished and services performed in grading a driveway.
Defendants, in answer to plaintiff’s petition, admit that Howard contracted with Josey to furnish a certain quantity of dirt in accordance with specific instructions given by Howard’s employee, which would not exceed $300.00. It is further alleged, in answer, that Josey delivered an excessive amount of dirt, not in accordance with the instructions given him. Although defendants do not specifically admit owing the amount claimed for gravel and tractor work in their answer, there is apparently no dispute as to this item of $103.75.
*121 The dispute herein relates solely to the quantity of dirt ordered by Howard. There is no contention that Josey did not deliver the quantity of dirt that he reflected on the invoices to Howard.
The defendants contend that on the date the oral contract was made with Josey to furnish the fill for this lot, Albert Lee, a superintendent for Howard, ran the elevations on the lot in the presence of Josey and drove stakes reflecting the location and grade level of the house to be constructed. Defendants further contend Jos-ey was instructed to furnish enough dirt to build the required grade to a distance of four to six feet beyond the rear stakes, and then to feather the grade down to the natural terrain. Josey contends that he was told to haul in enough dirt to blend in the grade of the lot in question with the lot to the north of this lot. This would, in effect, have feathered the grade all the way to the rear line of the lot a distance of approximately 30 feet as opposed to the relatively short distance of approximately ten feet required to gradually taper down to the natural terrain of the back yard.
Evidence adduced by a civil engineer on trial of the merits shows that the necessary amount of dirt to fill, in accordance with defendant’s version of the instructions, would be 276.4 cubic feet for a cost of $414.60. Thus we have an amount in dispute of $395.40 on the contract for delivery of dirt.
The trial judge, after hearing the testimony of the parties and other witnesses, stated in his reasons for judgment that he did not believe the parties had any clear understanding of what amount of dirt Jos-ey was to furnish. He then concluded that, although there was no meeting of the minds as to the amount to be delivered, Howard had contracted for dirt to be hauled and did not supervise the work of the sub-contractor, and, therefore, defendants should be liable for the entire amount of materials furnished and work done. Judgment was rendered for plaintiff in the amount of $913.75.
Defendants suspensively appealed from the judgment assigning as error the finding of the trial court that Howard had not given clear and specific instructions to Jos-ey as to the amount of dirt delivered, and the failure of the court to require the plaintiff to bear the burden of proving all the terms of the contract he has sued upon.
Appellee relies on the provisions of LSA-R.S. 9:4812 and certain cases interpreting this statute to place the burden of proof on defendants. Since no contract or bond was recorded between the contractor and owner in this case, appellee argues that the provisions of the materialman’s lien statute cited above give a sub-contractor a right of action against the contractor and owner upon merely proving delivery of the materials on the job. Cases are cited holding that a plaintiff is not required to show actual use of the materials in the job. Sundbery’s, Inc. v. Price, La.App., 117 So.2d 328 (1st Cir., 1959), and cases cited therein. We do not find that the lien statute or the cases cited by appellee interpreting it relieves a plaintiff, suing under an alleged contract, of the burden of. establishing the essential elements to prove his contract.
The controversy in the cases cited centered around the required proof of delivery by a party furnishing material. In this case we have no dispute as to the delivery. The sole issue is whether the entire quantity of material furnished was ordered.
Appellee also contends that no complaint was made by Howard after delivery of the dirt for a period of between 20 to 30 days, and that the owner, Matthews, has moved into the residence and is now using and enjoying the results of Josey’s materials and work. Appellee argues that this conduct by defendants constitutes an acceptance of the work and renders them liable.
The evidence reflects that the dirt was delivered by Josey’s employees on Saturday, following the receipt on Friday of the instructions from Howard. There were no agents or employees of Howard *122 present at the time it was delivered. Albert Lee, the employee who ordered the dirt, testified that he did not visit the job site until the following- week because of rain and other jobs. At that time he stated he could tell the dirt fill was not in accordance with his instructions, but he could not estimate the extent of any excess as rain had packed the fill. It was only upon receipt of the invoices at the end of the month that the quantity of dirt delivered was made known to Howard. At that time Howard’s employees immediately notified Josey that the quantity delivered was excessive and not in accordance with their agreement. Under these facts, which are not refuted, we do not find that defendants have made any acceptance of the work by Josey which would preclude them from resisting his claim.
The burden rests on the plaintiff, Josey, to prove by a preponderance of the evidence the nature and extent of the work to be done and the price to be paid for same. This he has failed to do. Although Josey produced the testimony of one witness to corroborate his version of the conversation between Howard’s employee, Albert Lee, and himself, the trial judge apparently was not convinced that this witness heard, or was in a position to hear, the entire conversation between these parties. Defendants offered evidence to show that this witness was standing near the curb of the street and was not involved in the transaction taking place between Lee and Josey. On the basis of the conflicting testimony in the record concerning the agreement of the parties as to the extent of fill involved on the lot, we must agree with the trial judge’s observation that he doubted the parties had any clear understanding of what was required to be done.
Plaintiff has sued solely under allegations of contract and has not asked for recovery on a quantum meruit basis in the alternative. We, therefore, cannot grant him any relief under this theory of law. B. F. Edington Drilling Co. v. Yearwood, 239 La. 303, 118 So.2d 419.
Having thus found that plaintiff failed to prove that the contract between the parties called for the quantity of dirt he delivered, we must accept the quantity estimated as required for the work to be performed in the manner contended by defendants. This amounted to 276.4 cubic yards, or a total of $414.60. The additional sum of $103.75 is not disputed. The plaintiff, therefore, should recover only for the sum of $518.35.
It is therefore ordered that the judgment appealed from be amended to provide that plaintiff, Ralph Josey, have judgment against defendants, Howard Lumber & Supply Company and Fred W. Matthews, in solido, in the sum of $518.35.
All costs in the district court shall be prorated equally, and costs of this appeal shall be paid by appellee.