MARSHALL v. GUIDING STAR BENEFIT ASSN., INC.

___

(November 3, 1931. Opinion and Decree.)

___

Robert E. O'Connor, of New Orleans, attorney for plaintiff, appellee.

F. B. Smith, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff was named beneficiary in a certificate of fraternal insurance issued by defendant on the life of plaintiff's wife.

On the death of the wife defendant refused to make payment, claiming that, at the time of the issuance of the certificate, slightly more than two years prior to the death of Angeline Marshall, she, the wife, was already afflicted with the diseases from which she later died and that, therefore, no recovery can be had, since, in her application for the insurance certificate, she had stated that she was in sound bodily health.

The amount claimed is $260. It is not disputed that this is the amount due, if defendant's contention be not sustained, and this is the amount for which judgment was rendered below.

In view of the language of the Supreme Court in Goff v. Mutual Life Ins. Co., 131 La. 98, 59 So. 28, it is extremely doubtful that this defense would prevail, even if the evidence sustained defendant's contention. But the sole witness, relied on to prove that the ailments from which death later resulted had been contracted prior to the issuance of the certificate, was Dr. T. D. Hayes, who testified solely as a medical expert and not as the physician who treated the deceased, and who did no more than to state that in almost all cases of chronic myocarditis and chronic nephritis, which are the causes of death as given in the death certificate, development is slow and death usually occurs only after two years or more have elapsed since the first contraction thereof.

The evidence falls far short of proving that, in this particular case, the diseases mentioned were in existence when the policy was applied for, and the defense must, therefore, fail.

We are asked to amend the judgment by the allowance of damages for the delay caused by the so-called frivolous appeal.

The record is quite convincing of the fact that the appeal was taken for no other reason than to delay payment of the judgment, and therefore, the damages asked for will be allowed and will be fixed at 10 per cent.

The judgment appealed from is amended by the allowance of 10 per cent damages for frivolous appeal and, as thus amended, it is affirmed.