87 So.2d 713

**BERNARD LUMBER COMPANY,**
Incorporated,

v.

**Majorie Ellen SAYRE, wife of, and
Wesley J. Swigert.**

No. 42485.

May 7, 1956.

Deutsch, Kerrigan & Stiles, New Orleans, Robert E. Leake, Jr., William S. Stone, New Orleans, of counsel, for appellant.

Zeringer & Zeringer, Harold J. Zeringer, Jr., New Orleans, for defendants-appellees.

PONDER, Justice.

In this suit the plaintiff lumber company is seeking to recover $2,445.67 from the defendants for the value of materials furnished to Robert Ryan, a contractor, allegedly to be delivered and used in the construction of defendants' house. The defense to the suit is that the lumber was not delivered on the premises of the defendants or used in the construction of their house. On trial of the case, the lower court rejected the plaintiff's demand and dismissed the suit. The plaintiff has appealed.

. The case presents purely a question of fact. There seems to be no dispute as to the law governing this controversy.

■ The defendants entered into a contract with one Robert Ryan, a contractor, on September 12, 1953 for the construction of a house on their property at 460 Jefferson Highway in the Marsiglia Park Subdivision of Harahan. No bond was furnished by the contractor and none was required by the defendants. The plaintiff, the alleged furnisher of materials, timely filed a materialman's lien. It is incumbent upon the plaintiff to prove that the materials were delivered to the site of the construction and upon such proof the burden then rests on the defendants to show that the materials so delivered were not used in the construction of their house. Laney Co. v. Airline Apartments, 223 La. 1000, 67 So.2d 570.

■ It appears that the contractor has absconded and was not available at the time the case was tried. There is confusion as to where the lumber was delivered because Ryan was engaged in the construction of other houses in the immediate vicinity or subdivision. The plaintiff is seeking to recover for lumber listed in eight separate invoices alleged to have been delivered on the premises of the defendants. Three of the invoices amounting to $711.10 bear a date prior to the date of the contract for the construction of defendants' house. There is no satisfactory proof that the lumber listed in these invoices was delivered on the premises of the defendants. Of the other five invoices, amounting to $1,734.57, the materials listed in only two of these were satisfactorily proved to have been delivered on the premises of the defendants. The amount of these two invoices is $553.62 and they are both dated September 16, 1953 and show that the lumber was delivered by Cleveland Samuel. His testimony is corroborated by Henry Epps, a carpenter employed by Ryan, who testified that the materials were delivered to the premises and used in the construction of defendants' house. The testimony of Samuel and Epps has not been successfully refuted. The other three invoices bearing dates of September 15, 1953, September 18, 1953 and September 30, 1953, do not show with any degree of certainty that the material listed therein was to be delivered to the premises of the defendants and there was no satisfactory evidence produced to show that they were so delivered. The invoice of September 15, 1953 states that the lumber was to be delivered to Elaine Street and not at 460 Jefferson Highway, the premises of the defendants. The invoice of September 18, 1953 calls for the lumber to be delivered to Elaine Street but there is a notation on this invoice which seems to have been added, stating "460 Jefferson Highway." A witness for the plaintiff testified that this was added by the contractor Ryan at a later date when he was called in about his past due account. The man who delivered the materials testified that he delivered the materials on Elaine Street at the corner of Jefferson. Ryan was con-

structing another house for other parties on the corner of Elaine Street. The invoice of September 30, 1953 shows that the delivery was to be made to Jefferson. This invoice is illegible but it seems that a notation was made on the bottom of this invoice, "460 Jefferson Highway." Like the invoice of September 15, 1953 this notation was placed on this invoice at a later date when Ryan was accosted by the plaintiff about his overdue account. From the evidence we cannot say that the lumber called for in these three invoices was ever delivered on defendants' premises or used in the construction of their house.

For the reasons assigned, the judgment of the lower court is reversed and set aside and there is now judgment in favor of the plaintiff, Bernard Lumber Company, and against the defendants, Mr. and Mrs. Wesley F. Swigert, for the sum of $553.62 with 5% interest from judicial demand until paid. All costs to be paid by the defendants.