REGAN, Judge.
Plaintiff, Allen B. Cambre Lumber and Supply Company, Inc., a materialman, instituted this suit against Dr. Lyon K. Loomis, the owner of property designated by the municipal No. 116 S. Jefferson Davis Parkway, endeavoring to have its lien and privilege recognized against the above property and to recover a personal judgment for the sum of $365.85, representing the cost of building materials sold and delivered to the foregoing address and used therein by the defendant’s contractor, Frank X. Lagasse, who had been employed to remodel and repair the property.
Defendant answered and admitted that he had entered into an oral contract with Lagasse to repair and remodel the property, but insisted that while Lagasse may have obtained the materials from the plaintiff they were not delivered to the premises nor used by him in the repair or remodel-ling thereof.
From a judgment in favor of plaintiff in the amount of $252.76 defendant has prosecuted this appeal. Plaintiff has answered the appeal requesting that the judgment be increased to the sum of $365.85, the amount initially prayed for.
The facts are relatively simple. Defendant orally employed Lagasse to repair and remodel the premises designated as 116 S. Jefferson Davis Parkway. The contract was not recorded and no bond was given by the contractor to protect the materialman. Plaintiff’s president, Allen B. Cambre, testified that all of the lumber and other materials were loaded on its *909 trucks, billed to the job and delivered to 116 S. Jefferson Davis Parkway, which property was owned by the defendant; that signed dray receipts were secured from the contractor for each of the six deliveries with the exception of two thereof[1] and these receipts reflected by virtue of a notation made thereon by the operator of the truck, that the materials were placed in the yard or garage adjacent to the premises.
The contractor testified unequivocally that all of the materials herein sued upon were actually delivered to the job site and were actually used by him in the repairing and remodeling of defendant’s building, including the materials represented by the unsigned dray receipts. He testified that these materials were delivered to the job site during his absence and some one on the premises instructed that they be placed in the yard or garage.
The defendant offered no pertinent evidence other than his own testimony to dispute the fact that the materials were delivered to and used in the repair and remodeling of his premises.
Defendant contends that the plaintiff has not sufficiently proved that the materials were delivered to and used by the contractor in the repair and remodeling of his premises.
Plaintiff, on the other hand, contends that he has not only proved delivery to the premises, but that the materials were actually used in the repair thereof.
We have carefully evaluated all of the evidence appearing in the record and are convinced that the contractor ordered the materials and the plaintiff furnished them to him. The materials were billed to the defendant’s premises. It is only encumbent upon the plaintiff, therefore, to show that the materials were delivered to the premises. Four of the six invoices are signed by the contractor indicating that the materials were delivered to the premises and accepted. With respect to the two invoices that were not signed by the contractor, he has satisfactorily explained the reason therefor in asserting that these materials were delivered during his absence, but he was positive that they were used in the repair or remodeling of the premises and, in this instance, we believe that the trial judge was in error in not permitting the plaintiff to recover the respective amounts reflected by these two invoices.
Defendant, as we said hereinabove offered no pertinent evidence[2] other than his own testimony to show that the materials were not delivered or used in the repair of his premises.
The pertinent portion of LSA-R.S. 9:4812 reads:
“When the owner, or his authorized agent, undertakes the work or construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or materials or performing any labor on the said building * * may record * * * a copy of his estimate or an affidavit of his claim * * * which recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last perform- *910 anee of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building * * *. Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim * *
In the case of Hortman-Salem Company v. Raymond[3] we said that “proof of delivery on the premises is all that can be required” and that the burden is then placed on the owner to show that the materials were not actually used. We reasoned that as between two innocent parties, one of whom must suffer loss, he who could more easily have protected himself, should be called upon to bear that loss and since the owner did not require a bond from the contractor he must be made to suffer the consequences of his indiscretion.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from the sum of $252.-76 tó the sum of $365.85 and, as thus amended, it is affirmed.
Amended and affirmed.

. The trial court permitted plaintiff to recover for all materials sold and delivered to the defendant’s premises with the exception of the material reflected by the two receipts which were unsigned by the contractor. These dray receipts amounted to the combined sum of $113.09.

. Defendant, through M. A. Constantine, did endeavor to draw the incredible inference that since Lagasse was erecting “shelves in a drugstore” at about the same time that Lagasse was employed by the defendant, that some of the materials were diverted to this other job.

. 1930, 13 La.App. 490, 127 So. 452, 454. See also Laney Company, Inc., v. Airline Apartments, Inc., 1953, 223 La. 1000, 67 So.2d 570.