HERGET, Judge.
This case was tried concurrently in the District Court with case Number 69,219 Levingston Supply Company, Incorporated v. Boston Insurance Company and appeals were entered concurrently to this Court. As the cases involve identical issues, summaries of both cases will be discussed herein and the same reasons for judgment will apply in both cases.
The Ville Platte and the Rayne Housing Authorities, respectively, as owners, awarded general contracts for the construction of certain housing projects to Acadia Building Contractors, Incorporated. Aetna Insurance Company and Boston Insurance Company, respectively, signed the bonds for the contractor in each of said contracts. Acadia Building Contractors, Incorporated subcontracted to F. Preston Brasher, doing business as Brasher’s Plumbing and Appliances the obligation to furnish labor and materials for the plumbing work called for in each of the contracts. Plaintiff, Levingston Supply Company, Incorporated, a materialman, sold plumbing supplies to the subcontractor for use in each of the jobs. Plaintiff recorded a building lien for the materials furnished in connection with these contracts and these suits were instituted against the bondsmen.
From judgments in favor of Plaintiff, against Defendant Aetna Insurance Company for the amount of $2,323.15 together with legal interest thereon at the rate of 5% per annum from November 1, 1958 un.til paid and 10% additional on the amount of both principal and interest as attorney’s fees and for all costs, and against Boston Insurance Company for the amount of $3,167.59 with legal interest thereon at the rate of 5% per annum from December 1, 1958 until paid and 10% additional on the amount of both principal and interest as attorney’s fees and all costs, both Defendants have prosecuted these appeals.
Plaintiff alleges that it sold and delivered to Brasher, the Subcontractor, certain plumbing supplies and materials in accordance with itemized statements thereof annexed to the petitions. Plaintiff further alleges that affidavits were made by it asserting its claims on December 31, 1958 and were filed with the Cleric of Court and Ex-Officio Recorder of Mortgages for the respective parishes, copies of which were annexed to the petitions and copies were filed with the respective Housing Authorities as shown by letters of transmittal dated January 2, 1959, copies of which were annexed to the petitions. Plaintiff further alleged that upon the failure of the bondsmen, Aetna Insurance Company and Boston In *359 surance Company to pay the amount of the liens, said bondsmen, by letters of Attorney for Plaintiff, copies of which were attached to the petitions, were notified of its demands and the Bondsmen having failed to pay said demands within thirty days, Plaintiff asserted its claims for an additional 10% as attorney’s fees.
Defendants denied that the materials for which Plaintiff seeks to recover were used by the Subcontractor on these jobs and further contend that it is the law of this State that a materialman is required to show that the materials were actually used in the work.
On the trial of the cases evidence was offered, which is uncontradicted, that the material for which Plaintiff seeks recovery was delivered to the building sites. In addition, proof was made of the actual incorporation in the jobs of the major portion of the materials supplied by Plaintiff.
The liens were filed by Plaintiff under the provisions of LSA-R.S. 38:2241, the pertinent provisions of which section provide that when the State or any State board or agency enters into a contract in excess of one thousand dollars for construction, alteration or repair of public works “ * * He shall require of the contractor a bond, with good, solvent, and sufficient surety in a sum not less than fifty percent of the contract price for the faithful performance of the contract with an additional obligation for the payment by the 'contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, * * (Italics by this Court.)
In our opinion it appears that the law is now well settled that a materialman who timely files a lien for materials furnished to a subcontractor is entitled to recover from the surety upon proof of actual delivery of the materials to the site and he is not required to additionally prove that the materials were, in fact, incorporated or used in the building. Inasmuch as Plaintiff in these suits has concededly made such' proof, it is entitled to judgment. Bernard Lumber Company, Inc. v. Sayre, 230 La. 17, 87 So.2d 713; Allen B. Cambre Lumber & Supply Company, Inc. v. Loomis, La.App., 94 So.2d 908; Hortman-Salmen Co., Inc. v. Raymond et al., 13 La.App. 490, 127 So. 452; Hayes v. R. J. Jones and Sons et al., La.App., 56 So.2d 853; R. F. Mestayer Lumber Company, Inc. v. Tessner, La.App., 101 So.2d 238.
Defendants rely on the case of Moore Steel, Inc. v. Succession of Wright et al., La.App., 79 So.2d 118 for the contention that a materialman is burdened with the obligation to produce satisfactory evidence to show not only that the materials sold were actually delivered to the site but to further prove that said materials were actually used in the construction of the project. It is true that the language used in the opinion could be construed to hold that the materialman bears the onus of proving that the materials were actually used in the construction of the project, however, a review of the case reveals that, as a fact, the evidence did not show that the materials had been delivered to the job site and in such circumstances it wais obviously impossible for the materialman to show that the materials were actually used in the project.
On the trial of these cases Plaintiff offered in evidence copies of the liens recorded by it in support of its claims for the materials furnished. Following judgments of the Trial Court in favor of Plaintiff, the Defendants applied for rehearings on the ground that the Plaintiff had failed to offer proof that it had not been paid by the Subcontractor for the materials for which jitdgments were sought, maintaining that such proof was requisite.
The assertion of a lien against a surety is sufficient to show plaintiff’s maintenance that the material has not been paid for. A defendant, in order to interpose a defense of payment, is required to present such an issue hy a special plea. *360 This admittedly was not done in these cases. See Watkins Company v. Calhoun, 219 La. 151, 52 So.2d 528; Pitre v. Bourg, La.App., 77 So.2d 113.
For these reasons the judgment of the Trial Court is affirmed at Appellant’s cost.
Judgment affirmed.