SAMUEL, Judge.
This is a suit for $1,347.33. The petition alleges that plaintiff was the holder in due course of three checks signed by defendant, each in the sum of $449.11, payable to the order of Ipco System and drawn on the Guaranty Bank & Trust Company of Gret-na, Louisiana, all of said checks being duly endorsed by the payee to the order of plaintiff ; that the checks were duly presented for payment to the bank upon which they were drawn; and that payment was refused by said bank for the reason that defendant had insufficient funds on deposit to pay the same. Defendant filed an answer in which he admitted his age and residence and repeated amicable demands for payment and denied all other allegations.
The case was set for trial on October 7, 1960, and, at the request of counsel for defendant, was continued to October 24, 1960, on a special fixing after the judge of the district court had consulted with counsel for both litigants. When the case was called for trial on October 24, 1960, neither defendant nor his counsel were present and, upon plaintiff’s motion, it was permitted by the court to proceed and prove its case. After the proof had been submitted the court rendered and signed judgment in favor of plaintiff as prayed for. Later that day, after the judgment had been signed, the court received a telegram from counsel for the defendant advising the court that said counsel had a specially fixed trial in the City of New Orleans and requesting a further continuance of the case.
On October 26, 1960, defendant filed a motion for a new trial which motion was dismissed after a hearing. Defendant then perfected this suspensive appeal. Plaintiff has answered asking for damages for frivolous appeal.
Counsel for defendant-appellant has submitted the case on the record; he has not argued the matter, nor has he filed a brief. Appellee has filed a brief and made an appearance.
Since the appellant has not pointed out any error in the judgment of the lower court, that judgment may be affirmed under the presumption that it is correct. Dia-Log Company v. Pareti, La.App., 126 So.2d 197; Rex Finance Co. v. Morehead, La.App., 124 So.2d 776; Alice v. Woods, La.App., 124 So.2d 770; Succession of Bailey, 232 La. 824, 95 So.2d 326; Perkins v. Buchler, 223 La. 179, 65 So.2d 130.
We have examined the record which appellant has caused to be brought before us and find therein no error in law or in fact. Accordingly, we shall affirm the judgment.
*658 The authority of the court to award damages for frivolous appeal, formerly contained in Art. 907 of the Code of Practice, is now contained in Art. 2164 of the LSA-Code of Civil Procedure. In our opinion the penalty should be allowed in the instant case. We .find no serious ground, indeed no ground at all, upon which the reversal of the judgment appealed from could be sought and we are convinced that this appeal was taken only for the purpose of delay. Glazer Wholesale Drug Company v. Tabor, La.App., 128 So.2d 226; Dwyer Lumber Co. v. Murphy Lumber & Supply Co., La.App., 116 So.2d 64; Phillips v. Albrecht, La.App., 179 So. 629; Marshall v. Guiding Star Ben. Ass’n., 17 La.App. 710, 137 So. 360; Associated Motors, Inc. v. Burk, 10 La.App. 5, 119 So. 451.
For the reasons assigned the judgment appealed from is affirmed. It is further ordered that plaintiff-appellee recover damages for frivolous appeal in an amount equal to 10% of $1,347.33, or $134.73.
Affirmed.