HERGET, Judge
(dissenting).
Plaintiff, a materialman, seeks to recover $2,684.42 plus interest and attorney fees against defendant, Home Indemnity Company, the bondsman of Vince Mechanical Contractors, Inc. who was the subcontractor of Albert D. Kendrick, the contractor on a building known as “Receiving and Rehabilitation Building” at East Louisiana State Hospital in Jackson, Louisiana.
From a judgment in favor of Plaintiff as prayed for in the Trial Court, the majority of this Court have affirmed the decision.
In my opinion the Trial Judge, as did the majority of this Court, rendered judgment in favor of Plaintiff without sufficient proof all materials furnished and for which the lien was asserted were, in fact, delivered to the job site. Concededly, under our holding in Levingston Supply Company v. Aetna Insurance Company, La.App., 124 So.2d 357, a materialman who timely files his lien for materials furnished to a subcontractor wherein the evidence shows actual delivery of the materials to the building site is sufficient proof to maintain his claim, and, upon such proof, the furnisher is not required to show actual incorporation of the materials in the building. As I review the evidence in this case quantities of the material for which Plaintiff seeks to assert its claim were delivered to the warehouse of Vince Mechanical Contractors, Inc. — not to the building site — and the evidence showing delivery of these materials from the Vince Warehouse to the job site is, in my opinion, insufficient to prove actual delivery of all the materials to the job site. The evidence reveals materials delivered to the warehouse were placed in bins in the warehouse and in many instances materials ordered for one job would be used on another.
While I am of the opinion the evidence reflects a large quantity of the materials for which Plaintiff seeks recovery were, in fact, delivered to the building site and actually incorporated in the building, I am not convinced proof has been sufficiently established that all of the materials for which Plaintiff seeks recovery were in truth and in fact delivered to the site. It is axiomatic proof of liens is stricti juris. Accordingly, Plaintiff is required to prove its claim so as to recover from the bondsman beyond peradventure of a doubt.
*926 In my opinion the case should be remanded to the Trial Court so as to permit proof of actual delivery to the site of all the materials for which Plaintiff seeks recovery.
For these reasons I respectfully dissent.
Rehearing denied.
HERGET, J., dissents from refusal to grant rehearing.