CUTRER, Judge.
This is a suit by a furnisher of material on a public works, under the provisions of LSA-R.S. 38:2241 et seq. On July 13, 1965 the Lafourche Parish School Board entered into a written contract with James A. Eiland, Jr., Inc., for the construction of the Central Lafourche High School at Matthews, Louisiana. The Aetna Casualty and Surety Company was the surety on the contract as required by statute. Eiland sub-contracted the plumbing and mechanical work to the D & M Mechanical Contractors, Inc. Plaintiff furnished plumbing materials to D & M to perform its sub-contract. United Bonding Insurance Company issued its bond as surety for D & M with James A. Eiland Jr., Inc., the obligee.
It is maintained by plaintiff, Levingston Supply Company, Inc., that it sold and delivered to D & M $18,467.82 worth of plumbing and mechanical supplies. Plaintiff has instituted this action against D & M Eiland and Aetna for the above sum and additionally claims attorney’s fees and interest from April 1, 1966.
D & M and United were named as third party defendants in a petition filed herein by Eiland and Aetna, claiming the right to a judgment against third party defendants in the event that Eiland and Aetna were cast in judgment. It was stipulated by and between counsel for the original defendant and counsel for the third party defendant that if judgment was rendered against the original defendant and his surety, judgment would be rendered in their favor and against the third party defendant and its surety for the same amount. The court awarded judgment in favor of plaintiff, Levingston Supply Company, Inc. and against defendants, D & M Mechanical Contractors, Inc. and James A. Eiland Jr., Inc. and the Aetna Casualty and Surety Company, in solido, in the sum of $18,-467.82, together with 10% additional thereon as attorney’s fees, and interest at the rate of 5% per annum on the sum of $18,-467.82 from April 1, 1966 until paid, and for all costs. The court also rendered judgment in favor of Eiland and Aetna and against United and D & M as third party defendants.
Eiland and Aetna on the one hand, and United and D & M on the other, instituted and perfected suspensive appeals from the above judgment. It is undisputed, with the *416 exception of the price charged for four service sinks, that plaintiff has established his claim.
ISSUE OF PREMATURITY
Defendants’ contention that plaintiff’s claim is premature is without merit. LSA-R.S. 38:2247 provides as follows:
“Nothing in the Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana. As amended Acts 1960, No. 117, § 1; Acts 1962, No. 16, § 1.” (Emphasis ours.)
Defendant has complied with the above provisions, therefore his claim is not subject to the objection of prematurity.
PROOF OF CLAIM
Defendants urge that in order for plaintiff’s claim to prevail, the materials in question must have been used or incorporated in the work under construction. In contrast, plaintiff asserts that it must be shown that the materials were furnished or delivered to the jobsite. This divergence of opinion stems from the differences in wording of the public works statute, which states:
LSA-R.S. 38:2241
“Whenever * * * any state board * * * enters into a contract * * * for the construction * * * of any public works, the official representative of the governing authority shall reduce the contract to writing and have it signed by the parties. He shall require of the contractor a bond * * * with an additional obligation for the payment by the * * * subcontractor for all * * * material * * * furnished for the construction * * * of any public works * * (Emphasis supplied.)
and the private works statute which provides :
LSA-R.S. 9:4803
“ * * * the surety * * * shall be liable in solido with the contractor for all * * * materials used in said work of improvements * * (Emphasis supplied.)
We are in accord with the trial judge’s resolution of this issue and quote with approval his written reasons for judgment:
“Referring back to the dispute as to plaintiff’s right to recover for the four service sinks, there is evidence in the record showing that these sinks were delivered by plaintiff to the jobsite and receipted for by the plumbing superintendent of D & M Mechanical Contractors on February IS, 1966. There is evidence in the record showing that five service sinks were installed on this job, that all five of them are Kohler sinks, the defendant and the third-party defendant contend that plaintiff is barred from recovery *417 on his claim for the value of four sinks. With this contention the court is unable to agree on the authority of Levingston Supply Company, Inc. v. Aetna Casualty and Surety Company, [La.App.] 124 So.2d 357, which holds that the fur-nisher of materials who establishes delivery of these materials on a jobsite has met all requirements for recovery. Counsel for the defendants have cited three other cases decided subsequently to the Levingston case which they contend hold otherwise. These cases are B. & G. Crane Service, Inc. v. Anderson Bros. Corp., et al., [La.App.] 132 So.2d 681; Nick Martinolich v. Clarence Albert, et al., [La.App.] 143 So.2d 745; The Patent Scaffolding Company, Inc. v. The Ross Corporation, et al., [La.App.] 172 So.2d 364. Those cases deal with a claim on rental equipment and on machinery and supplies owned and used by the contractor or subcontractor, none of which was ever contemplated to become a component part of the job under construction. No one of these decisions makes any mention of the Levingston case, and hence the court is of the opinion that no one of them in any wise overrules or modifies any part of the holding in the Levingston case. For that reason this court is of the opinion that the plaintiff is entitled to recovery on the four sinks for which it makes its claim in this suit.”
Defendants cite additional cases in their supplemental brief which stand for the proposition that the materials must be incorporated into the work under construction and that proof of delivery to the job site raises a presumption of incorporation which can be rebutted. These cases are inapposite for the reason that either rental equipment or the private works statute rather than the public works statute was involved.
INTEREST AND ATTORNEY’S FEES
Defendant’s allegation that interest should run from May 1, 1966 is without merit. Although interest at 5% per annum was due on each invoice from the date it became due, plaintiff only prayed for interest from April 1, 1966. The trial judge’s award of interest from that date is proper.
Defendants, citing Levingston Supply Company, Inc. v. Basso, La.App., 164 So.2d 141 submit that the indebtedness sued upon was on open account, and that interest is allowable only from the date of judicial demand. The Levingston case is inapplicable because in that case, the due date of the obligation was not expressly shown by the creditor, and for that reason, the court held that interest on an open account is recoverable only from the date of judicial demand.
Plaintiff has fully complied with LSA-R.S. 38:2246 and the allowance of attorney’s fees is correct.
For the above and foregoing reasons the judgment of the trial court is hereby affirmed.
Affirmed.