BAILES, Judge.
The plaintiff, Levingston Supply Company, Inc., furnished certain plumbing materials in the amount of $7,354.51 to D & M Mechanical Contractors, Inc., a sub-contractor of E. O. Cooley Construction Company, Inc., general contractor, for the construction of a Student Union Building at Francis T. Nicholls State College at Thibodeaux, Louisiana, for the Lousiana State Board of Education.
The defendants herein are E. O. Cooley Construction Company, Inc., its surety, Great American Insurance Company and D & M Mechanical Contractors, Inc.
In this action, the defendants, E. O. Cooley Construction Company, Inc., and Great American Insurance Company filed a third party action against D & M Mechanical Contractors, Inc., and its surety United Bonding Insurance Company, to recover from third party defendants, in solido, any award or judgment that may be rendered against third party plaintiffs in the main demand.
At the trial of the matter in the district court, Cooley and Great American agreed to the defense of the main action being presented by United and the latter stipulated that any judgment rendered in favor of plaintiff and against Cooley and Great American would be rendered in favor of Cooley and Great American and against United and D & M in the third party action.
The trial court found in Levingston’s favor and, accordingly, rendered judgment in its favor and against all defendants in the amount of $7,354.51, plus ten percent attorney’s fees and all costs. Also judgment was rendered on the third party action in accordance with the stipulation above related.
All defendants and third party defendants have perfected a suspensive appeal from the judgment of the court a quo.
By brief of appellants the specifications of errors contended for are as follows:
1. The Trial Court erred in finding that the Plaintiff proved his case by a preponderance of the evidence.
2. The Court erred in awarding Plaintiff amounts for materials which were not called for in the plans and specifications for the job, and which could not have been incorporated in the job.
3. The Court erred in granting Plaintiff attorney’s fees.
As to the finding of the trial court that plaintiff proved its case by a preponderance of the evidence, the argument of counsel on this point is confined to invoice No. 98188 that the materials listed thereon were not shown to have been delivered to anyone and could not be presumed to have been incorporated in the Student Union Building. The plaintiff, as shown by the evidence, traced the material listed on this invoice from its reception by the representative of D & M Contractors to the job site. We find this proof satisfactory in the absence of a contrary showing by defendants.
Relying on the case of Louisiana Highway Commission v. McCain (1941) 197 La. 359, 1 So.2d 545, defendants contend that plaintiff cannot have a lien for materials which were not called for in the plans and specifications for the job, and which could not have been incorporated in the job. This cited case involved the question of whether the charge for the rental of certain equipment used to construct a bridge is included in the lien statute for which a surety is liable under its bond. The Supreme Court therein held that rental charges are not *717 charges for which a surety is liable. This case is clearly distinguishable from the instant case on the facts.
We find the holding of this Court in Levingston Supply Co. v. D & M Mechanical Contractors, Inc. (1968) La.App., 211 So.2d 414, dispositive of the issue raised by appellants. In the cited Levingston case, the materials (four service sinks) were not incorporated within the building. We adhere to the pronouncement in Levingston Supply Company, Inc. v. Aetna Casualty and Surety Company (1960) La.App., 124 So.2d 357, that the furnisher of materials who establishes delivery of these materials on a job site has met all requirements of the statute for recovery.
Clearly plaintiff is entitled to recover the full amount of its claim and that it has complied'with the 30 day waiting period for the payment of its claim, and accordingly, under the provisions of LSA-R.S. 38:2246, it is entitled to ten percent attorney fees.
For the reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.