258 So.2d 121 (1972)
LONG LEAF LUMBER, INC., Plaintiff-Appellant,
v.
Constantine SVOLOS, Defendant-Appellant.
No. 11755.
Court of Appeal of Louisiana, Second Circuit.
February 1, 1972.
*122 Booth, Lockard, Jack, Pleasant & LeSage, by James A. Reeder, Shreveport, for appellant Long Leaf Lumber, Inc.
*123 T. K. Giddens, Jr., Peters, Ward & Phillips, by Charles M. Peters, Shreveport, for appellant-appellee Constantine Svolos.
Before AYRES, HEARD and HALL, JJ.
HEARD, Judge.
This is a suit by a supplier of materials against a home owner, Constantine Svolos, who failed to record a building contract and bond. The supplier, Long Leaf Lumber, Inc., is suing for the price of materials furnished to the contractor, W. A. Colquitt, who became insolvent. Long Leaf's personal and in rem action is based on LSA-R.S. 9:4801, et seq. The trial judge rendered judgment for Long Leaf against Svolos in the amount of $7,056.84 less a credit of $1,054.03 plus interest at 5% per annum from the dates of the individual invoices until December 31, 1970 and then 5% interest on the total judgment from December 31, 1970 until paid. The credit was allowed after hearing evidence at a new trial which showed that this amount was paid in bankruptcy proceeding to Long Leaf by Colquitt. Long Leaf and Svolos appealed from this judgment.
Long Leaf's specifications of error are substantially that (1) the trial court erred in restricting their claim only to those items of material for which there were signed receipts; (2) the court erred in failing to allow 8% interest on each item of material from the date of each invoice, and (3) in allowing Svolos a credit on the judgment against him in an amount equal to the distribution to Long Leaf in Colquitt's bankruptcy proceeding.
Svolos' specifications of error are (1) the trial court erred in awarding interest to Long Leaf on individual invoices from their respective dates to December 31, 1970, and on $6,002.81 (the aggregate of the invoices less the credit) from December 31, 1970 until paid, and (2) the trial court erred in failing to hold that the only interest due by Svolos was legal interest on $6,002.81 from June 25, 1971, the date of rendition of final judgment in the trial court.
Long Leaf introduced some 64 invoices upon which they claimed recovery. The trial judge allowed recovery on all of the invoices which were signed by Colquitt's workers on the Svolos job. Recovery was disallowed on unsigned invoices.
For a supplier of materials to recover against a homeowner it must appear that the materials were actually used in the home. As this is a difficult burden of proof, the jurisprudence is that the supplier need only show delivery to discharge his burden of proof. The burden then shifts to the homeowner to prove that the delivered materials were not actually used in the home. Allen B. Cambre Lumber & Supply Company, Inc. v. Loomis, La.App., 94 So.2d 908 (Orl.1957); Laney Company, Inc. v. Airline Apartments, Inc., 223 La. 1000, 67 So.2d 570 (1953).
Long Leaf sustained its burden of proving delivery on the signed invoices. Svolos did not attempt to show that materials on the signed invoices did not actually go into the home. The trial judge, then, was clearly correct in allowing recovery for the price of the materials on the signed invoices.
Long Leaf, recognizing that it would fail to prove delivery of the materials on the unsigned invoices, attempted to prove the materials were actually used in the home. Their method of proof was to call a reconstruction expert who testified as to the amounts of lumber, sheetrock, and other materials which go into a house built in accordance with the Svolos plans. These amounts were then compared to the amounts on Long Leaf's signed and unsigned invoices as well as amounts on some other firms' invoices. The inference to be drawn from similarity of amounts is that Long Leaf must have supplied the materials used. This type of proof would carry some weight, but certainly does not prove *124 by a preponderance of the evidence that Long Leaf actually delivered the materials or that they were actually used in the home. This is circumstantial evidence and nothing more. The reconstruction expert saw none of the material delivered or installed and we conclude that his testimony, while no doubt correct, is simply not persuasive enough to justify an award.
In Cambre and Laney, supra, recovery was allowed for materials on unsigned invoices. In both of these cases there was positive testimony that the materials on the unsigned invoices had been delivered. Here there is no such positive testimony.
We hold, therefore, that the trial judge was correct in disallowing recovery for materials represented by the unsigned invoices as there is no proof these materials were delivered to or actually used in the home.
This brings us to a consideration of the correct percentage of interest to be allowed on the amount due, and the date from which it should accrue. LSA-R.S. 9:4812 states:
* * * * * *
"Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation..."
It appears, then, that Long Leaf's personal cause of action against Svolos did not arise until he recorded his claim. Pringle-Associated Mortgage Corp. v. Eanes, 254 La. 705, 226 So.2d 502 (1969). This recordation made the debts on the invoices due from Svolos, and interest should run from this date on each invoice upon which recovery is allowed. A certified copy of the claim of privilege by Long Leaf shows that it was recorded on June 27, 1969. Therefore, interest shall run on the $7,056.84 from June 27, 1969 until December 31, 1970.
Having determined the date from which interest begins to accrue, a determination of the rate of interest remains. Long Leaf claims that it is entitled to 8% interest on each invoice because this is the rate agreed to by Colquitt. It suffices to say that this was not agreed to by Svolos. Since the rate was not established by convention the interest rate is established by LSA-C.C. Art. 1938. This article presently states that "[a]ll debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated." However, at the time the debt became due from Svolos, the legal interest rate under Article 1938 was five per centum. The seven per centum rate did not become effective until July 27, 1970. Normally, statutes are given prospective application unless the contrary is clearly provided in the statute. Hearn v. Board of Trustees of Assessors' Retirement Fund, La.App., 204 So.2d 123 (2d Cir. 1967), writ refused, 251 La. 735, 206 So.2d 90 (1968). The exception to the rule of propective application is the remedial or procedural statute. A remedial statute is one which confers a remedy, and a remedy is the means employed to enforce a right or redress a wrong. Fullilove v. United States Casualty Co. of New York, La.App., 129 So.2d 816 (2d Cir. 1961). It is clear that the amendment of Article 1938 of the Civil Code created no remedy. This was a substantive change in the law, and should be given prospective application only. Ducote v. Life Insurance Company of Louisiana, La.App., 245 So.2d 531 (3d Cir. 1971); Diaz v. Breaux, La.App., 252 So.2d 697 (1st Cir. 1971) and State of Louisiana, Through Department of Highways v. Vermilion Development Company, Inc., 258 La. 1159, 249 So.2d 167 (1971). Therefore, we conclude that the applicable rate of *125 interest on the Svolos debt is five per centum per annum.
Long Leaf received $1,054.03 from Colquitt in the bankruptcy proceedings. This sum is attributable to the Svolos job, and therefore Svolos is entitled to a credit in this amount. Five per centum per annum legal interest shall run on the $6,002.81 from December 31, 1970 until paid.
For the reasons stated, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Long Leaf Lumber, Inc., against defendant, Constantine Svolos, in the amount of Seven Thousand Fifty Six and 84/100 ($7,056.84) Dollars, less a credit of One Thousand Fifty Four and 03/100 ($1,054.03) Dollars, with 5 per cent per annum interest on $7,056.84 from June 27, 1969 until December 31, 1970 and 5 per cent per annum interest on $6,002.81 from December 31, 1970 until paid.
Costs of this appeal are to be borne by Long Leaf Lumber, Inc.