REDMANN, Judge.
Defendant contractor and surety appeal from a summary judgment for plaintiff materialman’s claims under R.S. 9:4802 and 9:4803, with 10% attorneys fees against the surety under R.S. 9:3902.
Plaintiff’s petition alleged a recorded building contract between landowners and defendant B & M Construction Co. Inc., with bond on which defendant United States Fidelity and Guaranty Company was surety; that plaintiff supplied materials delivered to and used in the project, initially to a subcontractor in total amount of $7,613.75, and thereafter to the contractor in total amount of $5,285.09. Further al-eged were acceptance of the contract, filing of materialman’s liens, and certified letter demand upon the surety citing the penalty provision of R.S. 9:3902.
Defendants’ answer admitted all of these allegations except the amounts involved (which were denied for lack of information) and the letter demand upon the surety. (Not here at issue is defendants’ third party demand against the subcontractor.)
Thus the one area of dispute left by the pleadings as to the principal demand was the quantity and value of materials delivered to or used in the project.
In respect to the $7,613.75 claim, an affidavit by C. W. Leftwich, plaintiff’s vice president, supported the motion for summary judgment by reciting his personal knowledge of the pertinent accounts and of a meeting at which the delivery tickets to-talling that amount were individually inspected by defendant contractor’s job superintendent, David Reed. Reed, the affidavit recited, “advised the attorney” of the contractor that the tickets totalling $7,613.75 represented materials delivered to or used in the project.
Also attached to the memorandum supporting the motion was a letter to Left-wich from the contractor’s then attorneys, reciting efforts “to work out prompt payment of the bill due you by B & M Construction Company”, and notes B & M’s counsel had prepared a lien affidavit (which is also attached, in the amount of $7,613.75). The letter states of B & M’s *249 president “He advised me that you will definitely be paid but that he would prefer to make a payment at the end of the project.”
Defendants’ opposing affidavit by the contractor’s president, R. A. McLeod, treats together the $7,613.75 invoices to the subcontractor and the later $5,285.09 invoices to the contractor. Noting the absence of receipt signatures on the delivery tickets, McLeod recites that his information on square foot coverage of the paint involved and his past experience in estimating construction jobs justifies his conclusion the materials could not have all been used in the project. No specifics are stated in the defense affidavit.
McLeod’s deposition shows the project involved 191 apartments and that the painting, etc. subcontract was for $140,000. It also shows that Reed was the knowledgeable corporate employee and was sent to a meeting to discuss the subcontractor’s debt to plaintiff.
We conclude that plaintiff’s showing of the admissions by the contractor’s job superintendent and attorney regarding the $7,613.75 amount as due is not sufficiently contradicted by McLeod’s affidavit to show any genuine issue of fact in regard to that part of plaintiff’s claim. The only issue McLeod’s affidavit raises is whether the total of the $7,613.75 plus the further sum of $5,285.09 was used in the project. We are therefore of the opinion that summary judgment for the $7,613.75 claim was proper.
But we are of the opinion that summary judgment was not proper for the $5,285.09 claim. The supporting affidavit recites the delivery or use of those additional materials, represented by mostly un-receipted delivery tickets, but the affiant, plaintiff’s vice-president, does not affirmatively show his competence to make the affidavit as one having personal knowledge of delivery, as required by C.C.P. art. 967. We conclude the affidavits and exhibits do not show absence of genuine issue as to material fact, C.C.P. art. 966, as to this part of plaintiff’s claim.
Because our setting aside this part of the principal demand and remanding it for trial results in the “full amount” of the demand against the surety not being as yet recovered, we must also set aside the summary judgment for 10% attorney’s fee under R.S. 9:3902 as premature.
The judgment for $7,613.75 against United States Fidelity and Guaranty Company is affirmed, but in all other respects the judgment appealed from is set aside and the matter remanded for further proceedings. All costs are to await complete disposition.
Affirmed in part and set aside and remanded in part.