WATSON, Judge
(dissenting):
Entirely overlooked by the majority is the fact that this is a suit by a sub-contractor for material and labor supplied on a construction project and that it is not a suit sounding in contract. No contract between the parties is filed in the record, and, while plaintiff asserts in its petition that the materials and labor were supplied pursuant to “agreements”, this does not relegate plaintiff to suing in contract when the petition asserts that it is filed to obtain recognition and enforcement of plaintiff’s lien. The lien was properly filed and recorded in the public records of the Parish of Lafayette.
The suit was then filed under the private works act, LSA-R.S. 9:4801 et seq. The jurisprudence is clear that all the person supplying material or labor need prove to prevail is the delivery of the material to the job site and the performance of labor on the work.
As to materials, the law is clearly stated by the Louisiana Supreme Court in Bernard Lumber Company v. Sayre, 230 La. 17, 87 So.2d 713 (1956), as follows:
“It is incumbent upon the plaintiff to prove that the materials were delivered to the site of the construction and upon such proof the burden then rests on the defendants to show that the materials so delivered were not used in the construction of their house.” 87 So.2d 714
A case squarely in point is Apex Sales Co. v. United States Fidelity & Guar. Co., 261 So.2d 247 (La.App. 4 Cir. 1972). Apex demonstrates the correct approach on appellate consideration of summary judgment in a lien case. A comparison of Apex and the instant case indicates the necessity of close analysis of the problems presented in summary judgment cases. While the rule is that doubts must be resolved against summary judgment, nevertheless, the record must be scrutinized to determine the true issues. The question to be resolved is whether there are any material issues, not simply whether defendants have denied plaintiff’s claim.
The issues of material fact which defendants in the instant case attempt to raise by affidavits filed in response to the motion for summary judgment are not material or relevant to the issues raised by plaintiff’s suit. Defendants must do more than merely enter a general denial of plaintiff’s allegation and then claim breach of contract by affidavits. See LSA-C.C.P. art. 967, which provides that a party
“ . . . may not rest on the mere allegations or denials of his pleading
To claim that plaintiff failed to clean up the job site is no defense to a suit on a lien for material and labor. The same is true of an accusation of defective workmanship.
Therefore, I think the trial court was correct in granting summary judgment as to the items covered by plaintiff’s lien.
I agree with the contention of counsel for defendants that there is no authority for the allowance by the trial court of attorney fees. LSA-R.S. 9:3902 does not appear to be applicable here. However, this is a matter which could be amended by this court on appeal.
For these reasons, I respectfully dissent.