PONDER, Judge.
Plaintiff appeals from the denial of recognition of a lien under LSA-R.S. 9:4801.1, the statute granting a privilege on immova-bles for unpaid rentals of movables under some circumstances.
The sole issue is the propriety of that judgment. We reverse and render.
L. A. Lard Oil Co., Inc. entered into a contract with C & J Painting & Sandblasting Contractors. The latter rented some movable equipment from the plaintiff, which, in accordance with the statute, served a copy of the rental agreement on Lard. Upon receiving the copy of the rental contract, a representative of Lard called plaintiff and according to his testimony “told Mr. Broussard that if I had known I would be liable for that equipment that was stated in the letter that I wouldn’t have let them brought it there and he said, don’t worry, we are going to go along with this fellow, he is just getting started in business and we are going to see that you are treated right on the price of the equipment. We are going to try to let him get in business. He is just getting in and we are going to do all we can to help him.” Plaintiff’s witnesses denied that such a conversation occurred. Mr. Broussard’s version was that Mr. Lard only wanted an explanation of why the letter was sent. Later, Mr. Lard called plaintiff again to tell that he “was very much concerned about the price of that equipment and I said, I just wish you would come out here and either get the man to complete the job or get it off my property” and that plaintiff’s representative told him “you are not going to be charged for the full price of the equipment.” A representative of Lard also called plaintiff when Elliott abandoned the job to advise of the abandonment and to ask that the leased property be picked up. After some discussion plaintiff agreed that the rental would stop that day and the equipment would be picked up.
On the above facts the lower court did not base its decision on either estoppel or waiver. We agree with that conclusion.
The expression above quoted cannot be construed, we believe, as showing an intent to waive the right to a lien. Furthermore, we can find no estoppel because of any change in the position of Lard. At *594 the time of the first telephone conversation, the privilege had already attached because of compliance with the statute. We cannot read the statute as giving Lard the power to require the removal of the equipment so as to avoid the privilege. His position, therefore, cannot have been changed.
Instead, evidently based upon defendant’s contentions in a memorandum filed in the record, the lower court based its decision upon plaintiff’s failure to prove continued use of the leased property in the following words:
“In the instant case there is no question that the rented property was placed on a construction site. However, it is the opinion of the Court that the defendant L. A. Lard Oil Company, Inc. has overcome the presumption as to the continued use of the leased property on their premises. The lessee of the equipment abandoned the job. It is the opinion of this Court that the burden thereupon shifted to the plaintiff to come forward with proof as to the continued actual use of the leased property in the repair of the tanks in order to establish liability upon the landowner. While the statute grants the privilege, it is still incumbant (sic) upon the plaintiff, lessor, to establish the amount which is due. This the plaintiff has failed to do in the instant case.”
We find this to be error. Under the statute the lessor has to prove that the equipment was located upon the premises and remained there for the period of time for which the privilege is claimed. The presumption is that the equipment was actually used. There is no requirement that the use be continued or continuous. The owner’s procedure to stop the rental in case of abandonment by the contractor is set forth in the statute.
Plaintiff sued for $2,400.93 together with legal interest from the date the sum was due plus the cost of recording the lien. However, it was pointed out that items sold and not leased amounted to $88.50 plus 6% sales tax thereon. The cost of the recording was not proved.
Under LSA-R.S. 9:4812, interest is due on the claim from recordation. Long Leaf Lumber, Inc. v. Svolos, 258 So.2d 121 (La. App. 2d Cir. 1972).
For these reasons the judgment dismissing plaintiff’s suit is reversed. There is now judgment herein in favor of plaintiff, Sam Marrs Equipment Company, and against L. A. Lard Oil Co., Inc. recognizing a lien in the amount of $2,307.12 together with legal interest thereon from September 29,1976 and all costs. This lien shall affect the following described property:
“North by U. S. Highway No. 190, approximately 134 feet, East by land of Joseph S. Jackson, South by Miley’s Subdivision, and West by Lots 1, 13, 12 and 11, of Square Nine of Shelly’s Homesites, the land being part of the 4.2 acres acquired by Shelly O’Neal from Joseph S. Jackson on February 18, 1948, by deed of record in Book 66, page 328 of the official records of Livingston Parish, Louisiana; and also being the identical property purchased by James D. Selman from Shelly O’Neal as per recordation of said deed in COB 69, page 486 of the Livingston Parish Public Records. Also described in accordance with survey by C. M. Moore, C. E. & Surveyor dated 21 March 1950 a plat of which is of record in COB 70 page 361 as follows: Commencing at a point 300 feet S. 36 degrees 30 min. west of extreme north corner of original tract of 4.2 acres, measure along south side of U. S. Highway No. 190, S. 36 deg. 30 min. west a distance of 131.8 feet and corner; thence leaving said Highway, measure S. 53 deg. 30 min. east 317 feet and corner; thence N. 0 deg. 20 min. east 163.4 feet and corner; thence measure N. 53 deg. 30 min. west 221 feet back to point of beginning.”
and
“A certain lot of land measuring 60 feet on U. S. Highway No. 190 by 169 feet, in depth between parallel lines, and starting on the south side of U. S. Highway 190 at the northwest corner of the first above described property; thence west in a westerly direction along the south side of *595 said highway 60 feet or to the NE corner of Lot N of the Selman Subdivision; thence in a southerly direction along the east side of the said Lot N. 169 feet; thence in an easterly direction 60 feet; to the west side of the first above described property; thence north to point of beginning.”
The costs of this appeal are east against L. A. Lard Oil Co., Inc.
REVERSED AND RENDERED.