399 So.2d 694 (1981)
PARISH CONCRETE, INC.
v.
FRITZ CULVER, INC., et al.
14159.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*695 A. Wayne Buras, Covington, for plaintiff-appellee.
T. George Delsa, New Orleans, for defendants-appellants.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff-appellee, Parish Concrete, Inc. (Parish), filed suit against defendants-appellants, Fritz Culver, Inc. (Culver) and Bill Todd d/b/a Todd Construction (Todd), in order to recover payment for materials (concrete) allegedly sold by Parish to Todd to be used in the construction of a building for and located on the property of Culver. In addition to the value of the supplies, Parish sought twelve percent interest and twenty-five percent as attorney's fees, according to the contract between Parish and Todd. Culver filed a third party action against Todd, however, Todd was never served with either the original petition or the third party demand. Culver answered generally denying that the materials had been delivered to the building site or actually used in the construction, and further pled certain affirmative defenses. Trial against Culver only was had and judgment was rendered in favor of plaintiff for the amount of the materials supplied, plus legal interest from date of judicial demand. The trial court disallowed plaintiff's claimed twelve percent interest and attorney's fees against Culver. Culver appealed, and Parish answered the appeal in order to seek the twelve percent interest and attorney's fees and alleged that Culver's appeal was frivolous and additionally sought twenty percent of the total judgment rendered as damages arising from the frivolous appeal.
As to whether Culver's appeal was frivolous, Parish cites the case of F.A.B. Distributing Company v. Marullo, 138 So.2d 656 (La.App. 4th Cir., 1962) in support of its position. In Marullo, supra, neither the defendant nor his counsel were present when the case was called for trial, at which time the case was tried and judgment rendered in favor of plaintiff. A motion for a new trial was filed and denied, at which time defendant took a suspensive appeal. Appellant's attorney submitted the case on the record, and did not argue the case nor file a brief. Because appellant failed to point out any error in the judgment of the lower court, the judgment was affirmed under the presumption that it was correct. In awarding appellee damages for a frivolous appeal, the Fourth Circuit stated:
"We find no serious ground, indeed no ground at all, upon which the reversal of the judgment appealed from could be sought and we are convinced that this appeal was taken only for the purpose of delay." (Citations omitted.)
In Marullo, supra, the court, for good reason, believed that the appeal was frivolous. In the instant case, we find that the plaintiff's claims and certain issues of law were vigorously contested in the trial court, and that appellant has fully briefed the errors assigned in this appeal. We believe that there exist seriously contested issues and that appellant has not abused his right to appeal by seeking our review of the trial court's determinations, both on the facts and the law. For these reasons, we find that this appeal is not frivolous and, therefore, deny appellee's prayer for additional damages. Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir., 1977).
Culver, as owner of the property to be improved, entered into an unwritten agreement with Todd for the pouring and finishing *696 of a concrete slab on which a building was to be constructed. Because no contract was recorded, Parish bases its action on the provisions of LSA-R.S. 9:4812, which provide, in pertinent part, as follows:
"When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection or reconstruction, for the account of the owner, for which no contract has been entered into or when a contract has been entered into but has not been recorded.... then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation .... shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation....
"Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written, has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim...."
Because the Private Works Act (R.S. 9:4801, et seq.) is an act in derogation of the general law of contract, it must be strictly construed. Authement's Ornamental Iron Works, Inc. v. Reisfeld, 376 So.2d 1061 (La.App. 4th Cir., 1979), writs denied 378 So.2d 1390 (La.1980).
Because Louisiana's lien statutes are stricti juris, the plaintiff must prove its claim for liens by a substantial preponderance of the evidence. However, once the supplier proves delivery to the job site, the burden shifts to the defendant to show the materials were not used in the construction or incorporated into the job. And, the supplier need only show by sufficient, competent proof that the materials were delivered to the job site, and need not prove delivery beyond a reasonable doubt as in a criminal case. Best Electric Supply Company, Inc. v. Rittiner, 334 So.2d 792 (La.App. 4th Cir., 1976). Further, after a materialman has proven actual delivery of the materials to the site, he is not required to additionally prove that the materials were, in fact, incorporated or used in the building. Levingston Supply Company v. Aetna Insurance Company, 124 So.2d 357 (La.App. 1st Cir., 1960).
Thomas D. Davis, Parish's assistant general manager, testified that he had personal knowledge of Parish's bookkeeping procedures, including the issuing or opening of charge accounts, and generally as to the ordering, invoicing and delivery of materials to job sites. Mr. Davis testified that orders for ready mix concrete would come into Parish's dispatch room and that a six-carbon-copy invoice would be prepared, listing the purchaser, delivery instructions, amount of materials, et cetera. This invoice would then be taken to the job site by the delivery driver, who would obtain a signature of receipt, leave one copy on the job site and return the remaining copies to Parish's office. In connection with his testimony, Parish introduced twenty-nine invoices in support of its claim.
Richard Harold, the other witness called by plaintiff, testified that he was employed by Parish as a cement truck driver, and personally made a number of deliveries of cement to Culver's Pruden Road job site. Harold further testified that other truck drivers employed by Parish made deliveries of materials to the Pruden Road job site, and that, in making his deliveries, he personally observed other Parish trucks delivering materials at the job site.
*697 Of the twenty-nine invoices, twenty-four invoices unquestionably indicate sales of material to Todd and delivery of these materials to Culver's Pruden Road building site.
Five of Parish's invoices show certain conflicting notations as to where deliveries were made. One invoice shows a delivery made to a "10th Ave." address, and the other four show the 10th Avenue address being crossed out and Pruden Road written in. Concerning this, Mr. Davis testified that when Parish had a large job, a number of invoices would be pre-noted as to the job site, and that if some of these invoices were not used at that job site they would be corrected and used to show deliveries to another customer. All five of these invoices show that the materials were sold to Todd, and when asked on cross examination if Parish delivered any concrete to 10th Avenue to Bill Todd, Mr. Davis testified, "No, sir. The only job we have ever done for Bill Todd was on Pruden Road."
Further, two of these invoices, Nos. 15157 and 15168, show deliveries made by Mr. Harold and Invoice No. 15168 was signed by Bill Todd himself. As to the other three invoices, we note that they were signed as received by the same persons who signed a number of the other uncontested invoices.
It should also be noted that defendant Culver offered no evidence showing that these materials were not delivered to its Pruden Road job site or were not used in the construction in that job site.
Appellant (Culver) has called our attention to the case of Bernard Lumber Company v. Sayre, 230 La. 17, 87 So.2d 713 (La. 1956), as standing for the proposition that, where there is confusion as to where the materials were delivered and where the contractor was not available at the time the case was tried, testimony is required by an actual witness to the deliveries in addition to the driver's testimony. We find Bernard, supra, distinguishable from this instant case on its facts, and therefore not applicable here.
In Bernard, supra, there was some confusion as to where the materials were delivered because the contractor was engaged in the construction of other houses in the immediate vicinity or subdivision. Additionally, three of the invoices were dated prior to the date of the contract for the construction of defendants' house. In this instant case, however, the evidence indicated that Parish sold materials to Todd in connection with Culver's Pruden Road job site only. And, other than the notation of delivery on five of Parish's invoices, which were explained by Parish, there is no other source of confusion. Further, the record contains no evidence that Todd was engaged in any other construction in the vicinity of the Pruden Road job site or at or near the "10th Ave." address.
From a careful reading of this entire record, we find, as did the trial court, that plaintiff proved its case by a substantial preponderance of the evidence and that the judgment of the trial court, awarding Parish the sum of $5,714.08, is correct.
The record clearly indicates that Parish had no contractual relationship with Culver. Therefore, Parish's cause of action against Culver is not contractual, Louisiana Paving Company, Inc. v. State, Department of Highways, 372 So.2d 245 (La.App. 1st Cir., 1979), but rather, exists only under the provisions of R.S. 9:4801, et seq. Because Culver did not itself agree to the twelve percent interest and twenty-five percent attorney's fees, these things being agreed to only by Culver's subcontractor, Todd, we find that Parish is not entitled to recover these amounts from Culver. Long Leaf Lumber, Inc. v. Svolos, 258 So.2d 121 (La.App. 2nd Cir., 1972).
Under the provisions of R.S. 9:4801, et seq., Parish's personal cause of action against Culver for the value of the materials sold and interest arose at the time it recorded its claim. We believe, therefore, that interest at the legal rate should run from the recordation date, October 12, 1979, on the amount of recovery which is allowed. Long Leaf Lumber, Inc. v. Svolos, supra.
*698 For the above reasons, the judgment of the trial court awarding plaintiff the sum of $5,714.08 is hereby affirmed, and that portion of said judgment awarding to plaintiff legal interest from the date of judicial demand until paid is hereby amended and legal interest on the amount of $5,714.08 is hereby awarded from October 12, 1979, until paid. Further, appellee's claims for interest at the rate of twelve percent and additionally attorney's fees at the rate of twenty-five percent are denied, as is its claim for additional damages for a frivolous appeal. All costs, both in the trial court and on appeal, are to be paid by appellant-defendant, Fritz Culver, Inc.
AMENDED AND AFFIRMED.